## NARVELL WILLIAMS, Appellant, v. SHERIFF, CARSON CITY, NEVADA, Respondent.

### No. 9057

September 30, 1976                    554 P.2d 732

*Kenneth J. Jordan,* Carson City, for Appellant.

*Robert List,* Attorney General; *Michael E. Fondi,* District Attorney, and *Louis R. Doescher,* Deputy, Carson City, for Respondent.

## OPINION

*Per Curiam:*

At the conclusion of a preliminary examination Narvell Williams was ordered to stand trial for grand larceny, a felony under NRS 205.220. Williams then filed a pretrial petition for a writ of habeas corpus contending the evidence adduced by the prosecuting attorney did not establish probable cause that she had committed the charged offense.

The district court denied habeas and in this appeal Williams reurges the same contention.

NRS 171.206 provides, in part: "If from the evidence it appears to the magistrate that there is probable cause to believe that an offense has been committed *and that the defendant has*

*committed it,* the magistrate shall forthwith hold him to answer in the district court; . . ." [Our emphasis.]

Even if we assume the evidence presented by the prosecuting attorney establishes probable cause that the crime of grand larceny had, in fact, been committed, the record is totally barren of any evidence connecting the defendant to the charged crime.

Accordingly, we reverse and remand this case to the district court with instructions to grant the petition for a writ of habeas corpus. In the event the state has evidence that Narvell Williams committed a crime, it may institute new charges within fifteen (15) days after remittitur issues.