STANLEY LLOYD, Appellant, v. THE STATE
OF NEVADA, Respondent.

No. 9651

April 6, 1978                                    576 P.2d 740

*Charles L. Garner,* of Las Vegas, for Appellant.

*Robert List,* Attorney General, Carson City, *George E. Holt,* District Attorney, *H. Leon Simon,* Chief Deputy District Attorney, and *Douglas Clark,* Deputy District Attorney, Clark County, for Respondent.

## OPINION

*Per Curiam:*

Stanley Lloyd has appealed from his conviction following a jury trial on the charge of having raped a seventeen-year-old girl. Before this court he seeks to challenge (1) the trial court's rejection of his requested jury instructions, (2) the trial court's confinement of the scope of his counsel's closing argument, (3) the admission into evidence of a photograph of the victim's injuries, (4) the sufficiency of the State's evidence, and (5) the propriety of the thirty-year sentence imposed upon him. We find Lloyd's claims to be without merit, and shall therefore affirm the decision below.

(1) *The rejected jury instructions.*

Our review of Lloyd's proferred instructions convinces us that to the extent that they are not erroneous statements of the law in Nevada, their substance was encompassed within the instructions actually given by the trial court. See Lawson v. State, 91 Nev. 519, 539 P.2d 116 (1975); Geary v. State, 91 Nev. 784, 544 P.2d 417 (1975).

(2) *The confinement of the scope of Lloyd's counsel's closing argument.*

Lloyd argues that he was denied a fair trial when the trial court refused to permit his counsel in closing argument to instruct the jury on alternative theories of law relating to rape.

Those theories substantially echoed those reflected in his rejected jury instructions.

However it is improper for an attorney to argue legal theories to a jury when the jury has not been instructed on those theories. Cosey v. State, 93 Nev. 352, 566 P.2d 83 (1977). This line of closing argument was therefore properly proscribed.

(3) *The admission of a photograph of the victim's injuries.*

Two photographs were admitted into evidence as plaintiff's Exhibits "1" and "2". Exhibit "1" is a Polaroid color photograph taken by Las Vegas Police staff of the victim's head and neck, showing bruises around the neck area. Exhibit "2" is an enlargement of Exhibit "1".

Lloyd argues that Exhibit "2" should not have been admitted into evidence because the coloring on the enlargement is somewhat darker than the original, depicting the bruises on the victim's neck as more pronounced than they appear in the original. However, testimony at the trial repeatedly emphasized that Exhibit "1" was the original and Exhibit "2" the reproduction. Moreover, there has been no suggestion that Exhibit "2" is so gruesome as to shock the jury. See Cutler v. State, 93 Nev. 329, 566 P.2d 809 (1977). In the absence of such a claim and where the record reveals that the jury was under no misapprehension as to the nature of Exhibit "2", it was properly admissible as relevant evidence. Allen v. State, 91 Nev. 78, 530 P.2d 1195 (1975).

(4) *The sufficiency of the evidence.*

Lloyd took the stand in his own defense. He did not deny the consummation of the sexual act, but rather testified that such act had occurred at the insistence of the victim. The victim testified extensively at the trial to the effect that she had been physically attacked and had been forced to submit for fear of her life. Her testimony was corroborated by the photographs of her injuries. The jury was presented therefore essentially with an issue of credibility, and its decision will be given great weight on appeal. Wheeler v. State, 91 Nev. 119, 531 P.2d 1358 (1975); Hankins v. State, 91 Nev. 477, 538 P.2d 167 (1975).

(5) *The sentence.*

The Department of Parole and Probation recommended a sentence of six years. Lloyd argues that because of this recommendation, a thirty-year sentence constitutes an abuse of discretion on the part of the trial court. However, this court held

in Collins v. State, 88 Nev. 168, 494 P.2d 956 (1972), that: "[T]here is no requirement imposed upon the sentencing court to set the penalty in compliance with the recommendation of the Department of Parole and Probation. A trial court does not abuse its discretion by imposing a sentence in excess of that suggested by the Department." 88 Nev. at 171.

Rather, an abuse of discretion will be found only when the record demonstrates "prejudice resulting from consideration of information or accusations founded on facts supported only by impalpable or highly suspect evidence. . . ." Silks v. State, 92 Nev. 91, 94, 545 P.2d 1159 (1976). Lloyd has made no allegations of improper reliance on suspect evidence. Rather, he argues that because no *new* evidence, not considered by the Department of Parole and Probation, was brought to light, the recommendation of the Department should have been followed by the trial court.

However, the recommendation of the Department of Parole and Probation is based only upon the normal punishment given in other jurisdictions for similar offenses. See NRS 176.145. It has no binding power on the court. Collins v. State, supra. In addition, the sentence was well within statutory limits. See NRS 200.363. When the sentence is within statutory limits, see State v. Lawrence, 554 P.2d 953 (Idaho 1976), and when there has been no proof of judicial reliance upon "impalpable or highly suspect evidence," see Silks v. State, supra, this court will refrain from interference with the trial court's imposition of sentence.

Lloyd finally argues that the sentence imposed by the trial court constitutes cruel and unusual punishment in violation of the Eighth Amendment to the U.S. Constitution. However, a sentence within statutory limits does not constitute cruel and unusual punishment where the statute fixing punishment is not unconstitutional or the sentence imposed is not disproportionate to the crime in a manner so as to be shocking to the conscience. State v. Iaukea, 537 P.2d 724 (Haw. 1975); State v. Guthrie, 532 P.2d 862 (Ariz. 1975). Since Lloyd does not challenge the constitutionality of NRS 200.363, and since the sentence imposed upon him for the violent rape of a seventeen-year-old minor is well within the statutory maximum of life imprisonment, this argument is without merit.

Affirmed.