SHERIFF, CLARK COUNTY, NEVADA, Appellant, *v.* JORGE ANTONIO BADILLO, Respondent.

No. 12106

September 24, 1979                    600 P.2d 221

*Richard H. Bryan,* Attorney General, Carson City; *Robert J. Miller,* District Attorney, and *Nikolas Mastrangelo,* Deputy District Attorney, Clark County for Appellant.

*Cal J. Potter, III,* Las Vegas, for Respondent.

## OPINION

*Per Curiam:*

Evidence was adduced at a preliminary examination that on May 2, 1979, a robbery took place at General Auto Parts, Inc. Though the testimony of the several witnesses was in conflict, one of the witnesses identified Badillo as one of the perpetrators. At the conclusion of the preliminary examination, Badillo was held to answer to a charge of robbery (NRS 200.380) and use of a deadly weapon in the commission of that crime (NRS 193.165). Thereafter, Badillo petitioned the district court for a pretrial writ of habeas corpus contending the evidence was insufficient to establish probable cause to believe that he had committed the offense. The district court granted the writ, and from that order the Sheriff has appealed.

The pretrial writ of habeas corpus will issue when the evidence is insufficient to establish probable cause to believe that the accused committed the charged offense. *See* Williams v. Sheriff, 92 Nev. 543, 554 P.2d 732 (1976). A finding of probable cause may be based on slight evidence. Franklin v. State, 89 Nev. 382, 513 P.2d 1252 (1973). Here, the identification of Badillo by one of the witnesses is sufficient to establish probable cause to believe that Badillo committed the offense. The fact that this testimony is in direct conflict with that of another witness is of no import at this stage of the proceedings. The

magistrate could, and did, determine that the evidence supported an inference of criminal conduct by the accused, thereby leaving the ultimate question of the credibility of the witnesses to the trier of fact at trial. *See* Wrenn v. Sheriff, 87 Nev. 85, 482 P.2d 289 (1971).

Accordingly, the order of the district court is reversed.