KAY L. SHIELDS, Appellant, v. THE
STATE OF NEVADA, Respondent.

No. 12942

October 16, 1981                                      634 P.2d 468

*Houston, Moran & Kennedy,* Las Vegas, for Appellant.

*Richard H. Bryan,* Attorney General, Carson City; *Robert Miller,* District Attorney, and *James Tufteland,* Deputy District Attorney, Clark County, for Respondent.

## OPINION

*Per Curiam:*

Appellant pleaded guilty to a charge of selling a controlled substance in return for dismissal of a charge of conspiracy to sell a controlled substance. Notwithstanding recommendations of probation both by the Department of Parole and Probation, and by the Clark County District Attorney's office, the district court sentenced the appellant to ten years imprisonment on the sale conviction. Appellant appeals from this sentence and from the denial of his motion for a resentencing.

Prior to sentencing appellant, the court reviewed the Department of Parole and Probation's presentence report, which included reports from the Las Vegas Metropolitan Police

Department. Although these police reports concerned investigations into incidents involving appellant, *i.e.* the alleged sale of a controlled substance and the conspiracy to sell a controlled substance, the district court did not include them in the materials it gave to appellant's attorney prior to the sentencing.[1]

Appellant contends the court's failure to provide his counsel with the entire presentence report, *i.e.* specifically the police officers' reports, violated NRS 176.156 and deprived him of due process of law. We agree. Accordingly, we reverse the sentence imposed and remand this matter to the district court for resentencing.

NRS 176.156 declares that, "[t]he court *shall* disclose to . . . counsel for the defendant and to the defendant, the factual content of the report of the presentence investigation and the recommendations of the probation service and afford an opportunity to each party to comment thereon." (Emphasis added.) The language of NRS 176.156 is mandatory. The police reports were part of "the factual content of the report of the presentence investigation," and appellant's attorney had no opportunity to comment on the assertions they contained because he did not know before the sentencing hearing that the judge would consider them. Moreover, the district judge's sentencing decision manifestly was affected by information contained in the reports. In imposing a ten-year sentence upon appellant, the judge revealed both his examination of the reports, and their impact on his decision, asserting: "I have gone through the police reports in this matter, and to be quite frank about it, I am just surprised and shocked at the recommendation . . . ." Thus, lack of notice to the appellant must be deemed prejudicial.

NRS 176.156 contemplates that persons convicted of crimes should have the opportunity to make informed comments on, and response to, all factual assertions contained in presentence investigation reports. Accordingly, we reverse his sentence and remand this matter for a resentencing hearing conducted in accord with NRS 176.156. Appellant shall be released from custody pending resentencing and any appeal in the above matter, upon the posting of a bond in the sum of $20,000.

The additional issue raised by appellant need not be addressed.

[1] Although the record on appeal is unclear on this point, respondent has conceded in its answering brief that the court did not provide appellant with copies of the officers' reports.