TERRY DON ETCHEVERRY, APPELLANT, *v.*
THE STATE OF NEVADA, RESPONDENT.

No. 22079

November 4, 1991                    821 P.2d 350

*James R. Lucas,* Las Vegas, for Appellant.

---

[3]The Honorable Stephen L. Huffaker, Judge of the Eighth Judicial District Court, was designated by the Governor to sit in place of THE HONORABLE CHARLES E. SPRINGER, Justice. Nev. Const. art. VI, § 4.

*Frankie Sue Del Papa,* Attorney General, Carson City; *Rex Bell,* District Attorney, *James Tufteland,* Chief Deputy District Attorney, and *Eric G. Jorgenson,* Deputy District Attorney, Clark County, for Respondent.

## OPINION

*Per Curiam:*

The primary question on appeal is whether a jury instruction defining proximate cause was proper and, if not, whether appellant's failure to object at trial precludes this court's review. We hold that appellant's failure to object was fatal. Further, the jury instructions were not in error. Appellant also alleges that the district judge abused his discretion in the sentencing process. We conclude that the district court acted properly.

## THE FACTS

Terry Etcheverry ("Etcheverry") was arrested for felony drunk driving following a serious collision with Bruce Costa ("Costa") early in the morning on July 22, 1989. While traveling in the northbound lane on Valley View, between Charleston Boulevard and Oakey Boulevard, Etcheverry crossed the median line while negotiating an "S" curve. Costa was traveling southbound on the same road and was unable to avoid a collision. Approximately two hours later, Etcheverry's blood alcohol level

was measured at 0.22 percent, more than double the legal limit allowed under NRS 484.3795.[1] Etcheverry could not provide Las Vegas Metropolitan Police with any explanation as to what may have caused the accident. Costa was hospitalized for six weeks and suffered a ruptured spleen and a fractured pelvis, among other injuries.

At trial, Etcheverry produced expert witnesses who testified that a steering failure in Etcheverry's vehicle, occurring almost immediately before impact, was the actual cause of the collision. Etcheverry therefore claimed that the accident was not proximately caused by his intoxication, but that the alleged steering failure was, in fact, the sole cause of the collision. There were no skid marks found at the accident scene to indicate that Etcheverry had applied his brakes. The jury concluded that the accident was indeed proximately caused by Etcheverry's condition. Etcheverry was convicted on May 24, 1990, and committed to the Department of Prisons for a 120-day evaluation on August 22, 1990. On January 3, 1991, he received a sentence of five years in prison and fined $5,000.00. This appeal followed.

## DISCUSSION

Etcheverry maintains that the district court improperly instructed the jury on the issue of proximate cause. Jury Instruction No. 9, in essence, stated that the jury could only exonerate Etcheverry if it determined that the alleged failure in the steering mechanism, presumably resulting from the negligence of an unknown mechanic, was the "sole cause" of the injuries sustained by Costa. Etcheverry did not object to the instruction nor did he offer any additional or alternative instructions. This court has previously held that "[t]he failure to object or to request special instruction to the jury precludes appellate consideration."

---

[1]484.3795 Driving under the influence of intoxicating liquor or controlled substance: Penalty if death or substantial bodily harm results; segregation of offender; plea bargaining prohibited; limitations on probation and suspension of sentence.

1.  Any person who, while under the influence of intoxicating liquor or with *0.10 percent* or more by weight of alcohol in his blood, . . . to a degree which renders him incapable of safely driving or exercising actual physical control of a vehicle, does any act or neglects any duty imposed by law while driving or in actual physical control of any vehicle on or off the highways of this state, if the act or neglect of duty *proximately causes* the death of, or substantial bodily harm to, any person other than himself, shall be punished by imprisonment in the state prison for *not less than 1 year* nor more than 20 years and must be further punished by a fine of not less than $2,000 nor more than $5,000.

(Emphasis added.)

McCall v. State, 91 Nev. 556, 557, 540 P.2d 95, 95 (1975) (citing State v. Fouquette, 67 Nev. 505, 221 P.2d 404 (1950); Clark v. State, 89 Nev. 392, 513 P.2d 1224 (1973); Cook v. State, 77 Nev. 83, 359 P.2d 483 (1961)). If Etcheverry wanted to object or offer an alternative instruction, "it was incumbent on him to prepare such an instruction and request the court to give it. . . . This was not done. Instead, the record reflects that appellant neither objected to the given instruction, nor voiced any other concern about the matter at trial." St. Pierre v. State, 92 Nev. 546, 548, 554 P.2d 1126, 1127 (1976) (citations omitted). Therefore, Etcheverry has no basis for appeal here.

In addition, we note that the jury instruction was an accurate statement of Nevada law. This court has held that a criminal defendant can only be exculpated where, due to a superseding cause, he was in no way the "proximate cause" of the result. Trent v. Clark Co. Juv. Ct. Services, 88 Nev. 573, 577, 502 P.2d 385, 388 (1972) (quoting R. Anderson, Wharton's Criminal Law and Procedure § 986 (1957)). Any "intervening cause must, effectively, break the chain of causation." Bostic v. State, 104 Nev. 367, 370, 760 P.2d 1241, 1243 (1988). Thus, an intervening cause must be a superseding cause, or the *sole cause* of the injury in order to completely excuse the prior act. *See* Drummond v. Mid-West Growers, 91 Nev. 698, 705, 542 P.2d 198, 203 (1975) (citing Konig v. Nevada-California-Oregon Ry., 36 Nev. 181, 135 P. 141 (1913); Alex Novack & Sons v. Hoppin, 77 Nev. 33, 359 P.2d 390 (1961)). Etcheverry testified that he was only affected by the alcohol "to a small extent." However, its affect to any extent in contributing to Costa's injuries, no matter how small, may be enough to show proximate cause. *See Alex Novack & Sons,* 77 Nev. at 39, 359 P.2d at 393 (any act or omission may be "regarded in law as a proximate cause."). Therefore, there was no error in the instruction provided to the jury.[2]

Etcheverry also alleges that the district judge abused his discretion in the sentencing process. The judge stated on the record

---

[2]Etcheverry also challenges the instructions provided to the grand jury prior to the indictment. This issue was previously raised by Mr. Etcheverry and rejected by the district court on a pretrial writ of habeas corpus. A grand jury only needs to find probable cause, which "may be based on slight, even 'marginal' evidence . . . because it does not involve a determination of the guilt or innocence of an accused." Sheriff v. Hodes, 96 Nev. 184, 186, 606 P.2d 178, 180 (1980) (citing Sheriff v. Badillo, 95 Nev. 593, 600 P.2d 221 (1979) (citations omitted)); Perkins v. Sheriff, 92 Nev. 180, 547 P.2d 312 (1976); Kinsey v. Sheriff, 87 Nev. 361, 487 P.2d 340 (1971)). We conclude that there was sufficient evidence to uphold the indictment. *See* Snow v. State, 101 Nev. 439, 445, 705 P.2d 632, 637 (1985), *cert. denied,* 475 U.S. 1031 (1986).

that he disregarded the recommendation from the Department of Parole and Probation, which urged a sentence of eight years and a $2,000.00 fine. The judge also opted to dismiss the 120-day evaluation report submitted by the Department of Prisons, which recommended parole.[3] We stress that a judge has no duty beyond "disclos[ing] . . . the factual content of the report of the presentence investigation and the recommendations of the probation service and afford[ing] an opportunity to each party to comment thereon." Shields v. State, 97 Nev. 472, 473, 634 P.2d 468, 468 (1981) (quoting NRS 176.156). The record reflects that the district court acted accordingly.

A recommendation of the Department of Prisons or the Department of Parole and Probation has no binding effect on the courts. Lloyd v. State, 94 Nev. 167, 170, 576 P.2d 740, 742 (1978). Moreover, we recognize that "[t]he sentencing judge has wide discretion in imposing a sentence . . . ." Houk v. State, 103 Nev. 659, 664, 747 P.2d 1376, 1379 (1987). The sentence imposed was well within the statutory limits of NRS 484.3795(1), and there has been no showing that the district judge relied on any "impalpable or highly suspect evidence." See Lloyd, 94 Nev. at 170, 576 P.2d at 742. Therefore, there was no abuse of discretion.

We have considered all other issues on appeal and conclude that they are without merit. Accordingly, we affirm the district court.

MOWBRAY, C. J., ROSE, STEFFEN, YOUNG, JJ., and LEHMAN, D. J.,[4] concur.

---

[3]NRS 484.3795 imposes mandatory confinement of one (1) year. Parole, without incarceration, is not an option.

[4]The Honorable Jack Lehman, Judge of the Eighth Judicial District Court, was designated by the Governor to sit in place of THE HONORABLE CHARLES E. SPRINGER, Justice. Nev. Const. art. VI, § 4.