An unpublished order shall not be regarded as precedent and shall not be cited as legal authority. SCR 123.

IN THE SUPREME COURT OF THE STATE OF NEVADA

MICHAEL DURAN JOHNSON,
Appellant,
vs.
THE STATE OF NEVADA,
Respondent.

No. 64660

**FILED**

MAY 1 2 2014

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY_____
DEPUTY CLERK

## ORDER OF AFFIRMANCE

This is an appeal from a judgment of conviction, pursuant to a guilty plea, of conspiracy to violate the uniform controlled substances act. Eighth Judicial District Court, Clark County; Douglas Smith, Judge.

Appellant Michael Duran Johnson contends that his plea was not knowingly, intelligently, and voluntarily entered. This claim was not raised in the district court below and is improperly raised for the first time on direct appeal. *See Franklin v. State*, 110 Nev. 750, 751-52, 877 P.2d 1058, 1059 (1994) ("[C]hallenges to the validity of a guilty plea . . . must be first pursued in post-conviction proceedings in the district court."), *overruled on other grounds by Thomas v. State*, 115 Nev. 148, 979 P.2d 222 (1999). Therefore, we decline to consider this claim.

Johnson also contends that the sentence imposed constitutes cruel and unusual punishment because it is unreasonably disproportionate to his offense and it significantly deviated from the sentence recommended by the Division of Parole and Probation. We disagree.

Regardless of its severity, a sentence that is within the statutory limits is not "cruel and unusual punishment unless the statute

fixing punishment is unconstitutional or the sentence is so unreasonably disproportionate to the offense as to shock the conscience.'" *Blume v. State*, 112 Nev. 472, 475, 915 P.2d 282, 284 (1996) (quoting *Culverson v. State*, 95 Nev. 433, 435, 596 P.2d 220, 221-22 (1979)); *see also Harmelin v. Michigan*, 501 U.S. 957, 1000-01 (1991) (plurality opinion) (explaining that the Eighth Amendment does not require strict proportionality between crime and sentence; it forbids only an extreme sentence that is grossly disproportionate to the crime). The recommendation of the Division of Parole and Probation has no binding effect on the courts. *Etcheverry v. State*, 107 Nev. 782, 786, 821 P.2d 350, 352 (1991).

At sentencing, the district court imposed a prison term of 24-60 months, noting Johnson's lengthy criminal history and the fact that Johnson had been revoked from parole and probation numerous times. The sentence imposed is within the parameters provided by the relevant statutes, *see* NRS 193.130(2)(c); NRS 453.401(1)(a), and Johnson does not allege that those statutes are unconstitutional. We are not convinced that the sentence imposed is so grossly disproportionate to the crime as to constitute cruel and unusual punishment. Therefore, we

ORDER the judgment of conviction AFFIRMED.

_____, J.
Hardesty

_____, J.          _____, J.
Douglas                                Cherry

cc: Hon. Douglas Smith, District Judge
Nguyen & Lay
Attorney General/Carson City
Clark County District Attorney
Eighth District Court Clerk