An unpublished order shall not be regarded as precedent and shall not be cited as legal authority. SCR 123.

# IN THE SUPREME COURT OF THE STATE OF NEVADA

JERRY D. POUGH, SR.,
Appellant,
vs.
BILLY B. CRANK, JR.,
Respondent.

No. 62336

**FILED**

JUL 23 2014

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY S. Young
DEPUTY CLERK

## ORDER OF AFFIRMANCE

This is a proper person appeal from a district court order granting a petition to require appellant to be tested for communicable diseases. Eighth Judicial District Court, Clark County; Elissa F. Cadish, Judge.

After respondent, a deputy marshal, was involved in an in-court altercation with appellant, he filed a petition to have appellant's blood tested in accordance with NRS 441A.195, which sets forth a procedure under which a law enforcement officer may seek to compel the testing of another individual for communicable diseases when there is probable cause to believe that the officer has come into contact with the other individual's bodily fluids. The district court granted the petition, and this appeal followed.

As an initial matter, we conclude that appellant's argument that the petition was moot because respondent waited two and a half months after the incident to file the petition lacks merit, as nothing occurred during that time that prevented the district court from granting respondent effective relief. *See Personhood Nev. v. Bristol*, 126 Nev. ___, ___, 245 P.3d 572, 574 (2010) (recognizing that an appeal was moot when the court was unable to grant effective relief as to the issue on appeal). Additionally, having considered appellant's civil proper person appeal

SUPREME COURT
OF
NEVADA

(O) 1947A

14-24013

statement and the record on appeal, we conclude that, regardless of any conflicting evidence, the district court did not clearly err in finding that probable cause existed to grant the petition based on respondent's declaration stating under penalty of perjury that he had wrapped his arm around appellant's face and later noticed a bite mark and bleeding immediately after appellant was subdued. *See Hannam v. Brown*, 114 Nev. 350, 358, 956 P.2d 794, 799 (1998) (reviewing the district court's finding of probable cause in a will contest action under a clearly erroneous standard); *cf. Sheriff, Clark Cnty. v. Badillo*, 95 Nev. 593, 595-95, 600 P.2d 221, 222 (1979) (recognizing, in the context of whether there was sufficient probable cause to find that an individual had committed a criminal offense, that a finding of probable cause "may be based on slight evidence," and that conflicting testimony will not undermine a finding of probable cause).

Based on the above discussion, we

ORDER the judgment of the district court AFFIRMED.[1]

_Pickering_____, J.
Pickering

_Parraguirre_____ J.
Parraguirre

_Saitta_____, J.
Saitta

---

[1]Because respondent's declaration was sufficient to support the finding of probable cause, we conclude that our review of the transcript requested by appellant is unnecessary. Further, we have considered appellant's July 18, 2013, letter regarding the appeal statement, August 30, 2013, filing, September 3 and 23, 2013, memoranda to the court, March 10, 2014, communication regarding a petition for a writ of mandamus, and May 29, 2014, communication to this court, and we deny the relief sought by these documents.



cc:    Hon. Elissa F. Cadish, District Judge
       Jerry Doran Pough, Sr.
       Eglet Wall Christiansen
       Eighth District Court Clerk