# IN THE SUPREME COURT OF THE STATE OF NEVADA

FRANK PETER ESTRADA, JR.,
Appellant,
vs.
THE STATE OF NEVADA,
Respondent.

No. 72136

FILED

APR 10 2018

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY S.Young
DEPUTY CLERK

## ORDER OF AFFIRMANCE

This is an appeal from a district court order denying appellant Frank Peter Estrada, Jr.'s postconviction petition for a writ of habeas corpus. Eighth Judicial District Court, Clark County; Elizabeth Goff Gonzalez, Judge. Estrada argues that he received ineffective assistance of trial and appellate counsel and that the district court erred in denying his petition. We disagree and affirm.

To demonstrate ineffective assistance of counsel, a petitioner must show that counsel's performance was deficient in that it fell below an objective standard of reasonableness and that prejudice resulted in that there was a reasonable probability of a different outcome absent counsel's errors. *Strickland v. Washington*, 466 U.S. 668, 687-88 (1984); *Warden v. Lyons*, 100 Nev. 430, 432-33, 683 P.2d 504, 505 (1984) (adopting the test in *Strickland*); *see also Kirksey v. State*, 112 Nev. 980, 998, 923 P.2d 1102, 1114 (1996) (applying *Strickland* to claims of ineffective assistance of appellate counsel). Both components of the inquiry must be shown, *Strickland*, 466 U.S. at 697, and the petitioner must demonstrate the underlying facts by a preponderance of the evidence, *Means v. State*, 120 Nev. 1001, 1012, 103 P.3d 25, 33 (2004). For purposes of the deficiency prong, counsel is strongly presumed to have provided adequate assistance and exercised reasonable

18-13682

professional judgment in all significant decisions. *Strickland*, 466 U.S. at 690. We give deference to the district court's factual findings that are supported by substantial evidence and not clearly wrong but review its application of the law to those facts de novo. *Lader v. Warden*, 121 Nev. 682, 686, 120 P.3d 1164, 1166 (2005).

Estrada first argues that trial and appellate counsel should have challenged as a Confrontation Clause violation Detective Ridings's testimony about coconspirator statements that he heard in the course of the investigation. When offered to show why the police pursued a particular course of action and not to prove the truth of the matter asserted, course-of-investigation testimony is admissible and not barred by the hearsay rule or the Confrontation Clause. *See Crawford v. Washington*, 541 U.S. 36, 60 n.9 (2004) ("The [Confrontation] Clause also does not bar the use of testimonial statements for purposes other than establishing the truth of the matter asserted."); *Wallach v. State*, 106 Nev. 470, 473, 796 P.2d 224, 227 (1990). Substantial evidence supports the district court's findings that these statements were non-hearsay elicited in order to show why Estrada was developed as a suspect and that they were not offered for the truth of the matter asserted, particularly as the evidence presented at trial showed that the coconspirators lied in these initial statements to the detective. Further, evidence as to Estrada's development as a suspect was relevant to rebut the defense theory of the case that the victim's potentially criminal conduct made him a target for other unknown assailants. *See United States v. Hawkins*, 905 F.2d 1489, 1495 (11th Cir. 1990) (concluding that investigator's testimony was admissible to explain why the investigation commenced and to rebut defense claims that the investigation was baseless and sought to harass the target). Despite trial counsel's mistaken assertion

SUPREME COURT
OF
NEVADA

(O) 1947A

2

of her own deficiency regarding this issue during the evidentiary hearing, neither trial nor appellate counsel were deficient in omitting a futile Confrontation Clause challenge. *See Ennis v. State*, 122 Nev. 694, 706, 137 P.3d 1095, 1103 (2006). The district court therefore did not err in denying this claim.

Second, Estrada argues that trial and appellate counsel should have contested the admission of the detective's "exciting" summary of the course of the investigation. Estrada fails to show that counsel was deficient in his regard, as he does not identify inappropriately "exciting" testimony and the authority proffered is distinguishable. Estrada's reliance on *Abram v. State* is misplaced because that case involved an officer's "highly prejudicial" testimony regarding inadmissible character evidence that was not relevant to the State's theory of the case, 95 Nev. 352, 355, 594 P.2d 1143, 1144-45 (1979), while here the testimony was relevant to the State's development of Estrada as a suspect and to rebut the defense theory of other unknown assailants. *Sandersfield v. Oklahoma* is distinguishable, as that case involved an officer's improperly prejudicial testimony that the defendant had been arrested for murder where the charge before the jury was misdemeanor assault. 461 P.2d 1019-20 (Okla. Crim. App. 1969). No similar testimony or impropriety was present here. Nor does *United States v. Reyes* show that counsel was deficient, where that case does not control and focused on whether a jury would consider non-hearsay testimony for the truth of the matter asserted, 18 F.3d 65, 70 (2d Cir. 1994), while the out-of-court statements here contained numerous falsehoods, such that it was evident from both their substance and context that the accounts were not likely to be taken for the truth of the matter asserted. Estrada has failed to show that a challenge by either trial or appellate counsel on this

basis was not futile. The district court therefore did not err in denying this claim.

Third, Estrada argues that trial and appellate counsel should have challenged as improper vouching the detective's assessment that one of the coconspirators lied in her initial statement. The coconspirator did not testify, and thus the State did not vouch for or against the credibility of a witness. *See Lisle v. State*, 113 Nev. 540, 553, 937 P.2d 473, 481 (1997) (defining prosecutorial vouching); 98 C.J.S. *Witnesses* § 1 (2018) (defining "witness"). As Estrada has not shown that a challenge by either trial or appellate counsel on this basis was not futile, the district court did not err in denying this claim.

Fourth, Estrada argues that trial counsel should have proffered a jury instruction on proximate causation.[1] The jury was instructed that an act must be "a substantial factor in causing death" and that the cause of death must be "part of a continuous transaction" with the act. By instructing the jury that causation must be continuous between Estrada's act and the victim's death, the district court properly instructed the jury on proximate causation. *See Etcheverry v. State*, 107 Nev. 782, 785, 821 P.2d

---

[1]Estrada argues that the following instruction should have been given:

> "Proximate Cause" is that cause which is natural and a continuous sequence, unbroken by any other intervening causes, that produces the injury and without which the injury would not have occurred. A proximate cause of an injury can be said to be that which necessarily sets in operation the factors that accomplish the injury. The contributory negligence of another does not exonerate the defendant unless the other's negligence was the sole cause of injury.

350, 351 (1991) (discussing proximate causation). Estrada has not shown that trial counsel was deficient in not proffering an alternative jury instruction on proximate causation, nor that he was prejudiced in its omission, particularly as trial counsel presented the theory that the victim's severe heart disease and fall while rehabilitating were intervening causes that in fact caused the victim's death. Further, Estrada has failed to show that an appellate challenge to the district court's failure to sua sponte give a different instruction of proximate causation was not futile. *See id.* at 784-85, 821 P.2d at 351. The district court therefore did not err in denying this claim.

Estrada next argues that trial and appellate counsel should have objected to jury instructions on implied malice, premeditation, and equal and exact justice. As this court has held the language used in the implied-malice instruction, *see Leonard v. State*, 117 Nev. 53, 78-79, 17 P.3d 397, 413 (2001), the premeditation instruction, *see Evans v. State*, 112 Nev. 1172, 1191-92 & n.21, 926 P.2d 265, 278 & n.21 (1996), and the equal-and-exact-justice instruction, *see Leonard v. State*, 114 Nev. 1196, 1209, 969 P.2d 288, 296 (1998), is not improper, we conclude that Estrada has failed to show that trial and appellate counsel were ineffective in failing to raise these futile challenges. The district court therefore did not err in denying this claim.

Estrada next "endorses" the claims raised in his pro se petition with a bare reference to that filing and its claims. As Estrada has failed to provide argument or authority showing that the district court's denial of these claims was in error, we decline to consider this "endorsement." *See Maresca v. State*, 103 Nev. 669, 673, 748 P.2d 3, 6 (1987); *see also* NRAP 28(e)(2) ("Parties shall not incorporate by reference briefs or memoranda of

SUPREME COURT
OF
NEVADA

(O) 1947A

5

law submitted to the district court or refer the Supreme Court or Court of Appeals to such briefs or memoranda for the arguments on the merits of the appeal.").

Lastly, Estrada argues that cumulative error warrants relief. Even assuming that instances of deficient performance may be cumulated, *McConnell v. State*, 125 Nev. 243, 259, 212 P.3d 307, 318 (2009), Estrada has failed to identify any instances to cumulate. The district court therefore did not err in denying this claim.

Having considered Estrada's contentions and concluded that they do not warrant relief, we

ORDER the judgment of the district court AFFIRMED.

_____, C.J.
Douglas

_____, J.
Pickering

_____, J.
Hardesty

cc:    Hon. Elizabeth Goff Gonzalez, District Judge
      Christopher R. Oram
      Attorney General/Carson City
      Clark County District Attorney
      Eighth District Court Clerk