IN THE SUPREME COURT OF THE STATE OF NEVADA

OCEAN LASHAWN FLEMING,
Appellant,
vs.
THE STATE OF NEVADA,
Respondent.

No. 76705

FILED

APR 2 3 2020

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY S. Young
DEPUTY CLERK

### ORDER OF AFFIRMANCE

This is a direct appeal from an amended judgment of conviction. Eighth Judicial District Court, Clark County; Michael Villani, Judge.

In 2012, a jury found appellant Ocean Fleming guilty on 23 criminal counts. The district court sentenced Fleming to life with the possibility of parole after approximately 20 years served. Fleming timely filed a post-conviction petition for a writ of habeas corpus alleging misconduct by the Las Vegas Metropolitan Police Department.

Before the evidentiary hearing on the post-conviction proceeding, Fleming and the State entered into a guilty plea agreement. Under the agreement, Fleming agreed to plead guilty to first degree kidnapping (Count 1) and two counts of assault with a deadly weapon (Counts 2 and 3). He also agreed to admit the facts that supported the elements of those offenses. Additionally, Fleming agreed to withdraw and not pursue his post-conviction petition. In exchange, the State agreed to drop the remaining 20 charges that made up his original conviction.

Regarding Fleming's sentence, the parties stipulated to a sentence of 5 to 15 years for Count 1 and 28 to 72 months for Counts 2 and 3, with the sentences for Counts 2 and 3 to run concurrently. The State

20-15563

reserved the right to argue that the sentences for Counts 2 and 3 should run consecutively to the sentence for Count 1. Ultimately, the district court ordered the sentences for Counts 2 and 3 to run consecutively to the sentence for Count 1. Fleming appeals.

First, Fleming argues that the district court abused its discretion when it declined to amend his presentence investigation report (PSI). Specifically, Fleming contends that the offense synopsis portion of his PSI contained impalpable and highly suspect evidence. Additionally, Fleming argues that his PSI failed to incorporate his statement as the defendant. Therefore, Fleming asserts that the district court should have ordered his PSI amended prior to sentencing him. We disagree.

By statute, the defendant may object to any factual errors contained within the PSI. NRS 176.156(1). Any errors must be objected to during sentencing and the district court must determine whether the challenged information is erroneous. *Sasser v. State*, 130 Nev. 387, 390, 324 P.3d 1221, 1223 (2014). A "PSI must not include information based on impalpable or highly suspect evidence." *Stockmeier v. State, Bd. of Parole Comm'rs*, 127 Nev. 243, 248, 255 P.3d 209, 213 (2011) (internal quotation omitted). A district court's determination about information contained within a PSI is a factual determination that is entitled to deference on review. *Sasser*, 130 Nev. at 392-93, 324 P.3d at 1224-25.

Here, Fleming stipulated to the facts that supported the elements of those offenses to which he pleaded guilty. Therefore, he cannot challenge their accuracy without violating the terms of his guilty plea agreement. *State v. Crockett*, 110 Nev. 838, 842, 877 P.2d 1077, 1079 (1994) (noting that due process requires the honoring of plea bargains). Regarding the lack of a defendant statement in Fleming's PSI, a district court, when it

"feels able to impose a just sentence," may sentence a defendant "notwithstanding inadequacies" in the work produced by the Department of Parole and Probation. *Thomas v. State*, 88 Nev. 382, 385, 498 P.2d 1314, 1316 (1972). Additionally, even though his PSI lacked a defendant statement, the district court expressly stated that it would consider the omitted information before sentencing Fleming. Accordingly, we conclude that the district court did not abuse its discretion when it declined to order Fleming's PSI amended.

Second, Fleming argues that the district court abused its discretion when it ordered his sentences for Counts 2 and 3 to run consecutively to his sentence for Count 1. We disagree.

We review sentencing decisions for an abuse of discretion, *Randell v. State*, 109 Nev. 5, 8, 846 P.2d 278, 280 (1993), and such an abuse occurs "only when the record demonstrates prejudice resulting from consideration of information or accusations founded on facts supported only by impalpable or highly suspect evidence," *Lloyd v. State*, 94 Nev. 167, 170, 576 P.2d 740, 742 (1978) (internal quotation omitted). After reviewing the record, we conclude that Fleming has failed to demonstrate that the district court relied upon impalpable or highly suspect evidence. Accordingly, we conclude that Fleming is not entitled to relief on this ground.

Finally, Fleming argues that his sentence constitutes cruel and unusual punishment. "[A] sentence within statutory limits does not constitute cruel and unusual punishment where the statute fixing punishment is not unconstitutional or the sentence imposed is not disproportionate to the crime in a manner so as to be shocking to the conscience." *Lloyd*, 94 Nev. at 170, 576 P.2d at 743. Here, Fleming's sentence is well within statutory limits. Additionally, given the violent

nature of the offenses and the heavy sentences they carry, we conclude that Fleming's sentence is not disproportionate to the crimes charged and does not shock the conscience. Accordingly, we conclude that Fleming's aggregate sentence of approximately 7 years to 21 years does not constitute cruel and unusual punishment.

Having considered Fleming's claims and concluded that no relief is warranted, we

ORDER the judgment of the district court AFFIRMED.

_____, J.
Parraguirre

_____, J.
Hardesty

_____, J.
Cadish

cc:    Hon. Michael Villani, District Judge
       Gentile, Cristalli, Miller, Armeni & Savarese, PLLC
       Attorney General/Carson City
       Aisen Gill & Associates LLP
       Clark County District Attorney
       Eighth District Court Clerk