# IN THE SUPREME COURT OF THE STATE OF NEVADA

FIRST TRANSIT, INC.; AND JAY FARRALES,
Appellants,
vs.
JACK CHERNIKOFF; AND ELAINE CHERNIKOFF,
Respondents.

No. 70164

FILED

NOV 23 2020

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY S. Young
DEPUTY CLERK

## AMENDED ORDER AFFIRMING AND DIRECTING IMMEDIATE ISSUANCE OF REMITTITUR[1]

This is an appeal from an amended district court judgment on a jury verdict and orders resolving postjudgment motions in a tort action. Eighth Judicial District Court, Clark County; Stefany Miley, Judge.

On August 1, 2019, this court issued an opinion reversing the jury verdict in favor of respondents and remanding the case back to the district court. Thereafter, respondents filed a petition for rehearing pursuant to NRAP 40. We granted rehearing and vacated the August 1, 2019, opinion on March 6, 2020, and held oral argument on July 6, 2020. Having considered those arguments, we now issue this order.

### FACTS AND PROCEDURAL HISTORY

Harvey Chernikoff, a 51-year-old intellectually disabled man, choked to death on a sandwich while riding on a paratransit bus operated

---

[1]We vacate our September 11, 2020, order and issue this one in its place.

20-42595

by appellant First Transit, Inc. Harvey's parents and heirs, respondents Jack and Elaine Chernikoff, sued First Transit and First Transit's bus driver for negligence, alleging that First Transit owed the highest degree of care to monitor and assist Harvey while he was a passenger on the bus. The Chernikoffs also claimed that the bus driver was negligent in failing to check on Harvey, prevent him from eating, or render proper aid once he noticed Harvey's distress. The jury ultimately awarded the Chernikoffs $15 million.

## DISCUSSION

First Transit first argues that a new trial is warranted in part because the jury was erroneously instructed. The instructions told the jury that First Transit had a heightened duty of care as a common carrier (instruction 32) and that a common carrier must provide additional care to disabled passengers when aware of their disability (instruction 34).[2] The Chernikoffs claim that the instructions accurately state the law and that, regardless, First Transit waived any challenges to the jury instructions.

We agree with the Chernikoffs that First Transit waived any challenges to the jury instructions. We have held on numerous occasions that "fail[ing] to object or to request special instruction to the jury precludes appellate consideration." *Etcheverry v. State*, 107 Nev. 782, 784, 821 P.2d 350, 351 (1991) (quoting *McCall v. State*, 91 Nev. 556, 557, 540 P.2d 95, 95 (1975)); *see also Evans v. Dean Witter Reynolds, Inc.*, 116 Nev. 598, 613, 5 P.3d 1043, 1052 (2000) (relying on *Etcheverry* to conclude that a party that did not object or offer an alternative instruction on vicarious liability waived any challenge to the jury instruction on appeal). While First Transit

---

[2]Instruction 33 stated that Harvey was disabled.

initially objected to any common carrier instruction, it later proposed a common carrier instruction which the district court accepted. Having proposed instruction 32, First Transit waived any challenge to that instruction on appeal. *See Pearson v. Pearson*, 110 Nev. 293, 297, 871 P.2d 343, 345-46 (1994) (recognizing that this court should not review errors that the complaining party induced or invited). Moreover, our careful review of the record reveals that the basis for First Transit's objection in the district court was whether the common carrier instruction applied, not, as it argues on appeal, about the duty owed by a common carrier. *See Schuck v. Signature Flight Support of Nev., Inc.*, 126 Nev. 434, 436, 245 P.3d 542, 544 (2010) (declining to consider arguments that were not made in the district court).

As to First Transit's objection to instruction 34 in the district court, it only argued that distinctions existed between two of the cases supporting the instruction. First Transit did not show that the instruction was unwarranted based on the facts or that it misstated the law such that the district court would have had reason to reject the instruction. *See Etcheverry*, 107 Nev. at 785, 821 P.2d at 351 (noting that an instruction accurately stated the law and was supported by the facts when rejecting a challenge to a jury instruction). First Transit also did not propose an alternative instruction. *See id.* at 784, 821 P.2d at 351. Under these facts, we conclude that First Transit's objection to instruction 34 was inadequate to preserve an appellate challenge to the same.

We also decline to consider whether the district court should have included Harvey on the verdict form so the jury could consider whether Harvey was negligent when apportioning fault. The parties stipulated to the dismissal of Harvey's estate with prejudice before trial such that his

estate was no longer a party to the case. NRS 41.085(4) provides that heirs may seek "damages for pain, suffering or disfigurement of the decedent." But here, First Transit did not submit a proposed special verdict form asking the jury to determine whether Harvey's negligence, if any, should reduce the Chernikoffs' damages award solely for the damages Harvey would have been entitled to had he not passed away. *See Allstate Ins. Co. v. Miller*, 125 Nev. 300, 321, 212 P.3d 318, 332 (2009) ("[T]he district court is not required to submit special verdicts or interrogatories to the jury if the party does not timely and properly submit proper proposed special verdicts or interrogatories to the court."). And, on the motion for new trial, the district court held that the issue had not been preserved. On this record, we find no abuse of discretion or reversible error.

We also affirm the jury's award and reject First Transit's request for a new trial. First Transit alleges attorney misconduct in the Chernikoffs' closing argument warrants a new trial, but First Transit did not object below, and First Transit has not shown plain error arising from that argument such that the verdict would have been different.[3] *See Grosjean v. Imperial Palace, Inc.*, 125 Nev. 349, 364, 212 P.3d 1068, 1079 (2009) (providing that this court's review of unobjected-to attorney misconduct is essentially plain error review and reversal is not warranted unless "the misconduct amounted to 'irreparable and fundamental

---

[3]We decline to consider First Transit's arguments regarding the lack of fault awarded to the bus driver. First Transit did not object on this basis before the jury was discharged. *See Eberhard Mfg. Co. v. Baldwin*, 97 Nev. 271, 272-73, 628 P.2d 681, 682 (1981); *Cramer v. Peavy*, 116 Nev. 575, 582, 3 P.3d 665, 670 (2000) ("The efficient administration of justice requires that any doubts concerning a verdict's consistency with Nevada law be addressed before the court dismisses the jury.").

error . . . that results in a substantial impairment of justice or denial of fundamental rights such that, but for the misconduct, the verdict would have been different'" (alteration in original) (quoting *Lioce v. Cohen*, 124 Nev. 1, 19, 174 P.3d 970, 982 (2008))). And First Transit's arguments regarding the amount of the award are unavailing. The award was supported by substantial evidence, was not the result of a jury under the influence of passion or prejudice, and does not shock the conscience. *See Wells, Inc. v. Shoemake*, 64 Nev. 57, 74, 177 P.2d 451, 460 (1947) (holding that "the mere fact that the verdict is a large one is not conclusive that it is the result of caprice, passion, prejudice, sympathy or other consideration"); *see also Quintero v. McDonald*, 116 Nev. 1181, 1183, 14 P.3d 522, 523 (2000) ("A jury is permitted wide latitude in awarding tort damages, and the jury's findings will be upheld if supported by substantial evidence."); *Stackiewicz v. Nissan Motor Corp.*, 100 Nev. 443, 454-55, 686 P.2d 925, 932 (1984) (recognizing that damages for pain and suffering are peculiarly within the jury's province); *Hernandez v. City of Salt Lake*, 100 Nev. 504, 508, 686 P.2d 251, 253 (1984) (stating that reversal or reduction of a jury award is appropriate when the award was given under the influence of passion or prejudice and when it shocks the conscience).

Accordingly, we affirm the district court's judgment. We also direct the clerk of the court to immediately issue remittitur upon the filing of this order. *See* NRAP 41(a)(1) (permitting the court to shorten the time for remittitur to issue).

It is so ORDERED.[4]

_Pickering_, C.J.
Pickering

_Gibbons_, J.          _Hardesty_, J.
Gibbons               Hardesty

_Parraguirre_, J.       _Stiglich_, J.
Parraguirre           Stiglich

_Cadish_, J.           _Silver_, J.
Cadish                Silver

cc:  Hon. Stefany Miley, District Judge
     Ara H. Shirinian, Settlement Judge
     Lewis Roca Rothgerber Christie LLP/Las Vegas
     Richard Harris Law Firm
     Charles Allen Law Firm
     Claggett & Sykes Law Firm
     Eighth District Court Clerk

---

[4]To the extent First Transit challenges the district court's denial of its motion for a new trial based on these same arguments, we affirm that decision. _See Grosjean_, 125 Nev. at 362, 212 P.3d at 1077 (reviewing a decision on a motion for a new trial for an abuse of discretion).