NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

SEP 21 2023

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

ZACHARY KELSEY,

Petitioner-Appellant,

v.

TIM GARRETT; et al.,

Respondents-Appellees.

No. 22-15557

D.C. No.
3:18-cv-00174-MMD-CLB

MEMORANDUM*

Appeal from the United States District Court
for the District of Nevada
Miranda M. Du, Chief District Judge, Presiding

Argued and Submitted December 9, 2022
Opinion Filed May 24, 2023
Opinion Withdrawn and Resubmitted, September 19, 2023
San Francisco, California

Before: GRABER, GOULD, and FRIEDLAND, Circuit Judges.

A jury convicted Petitioner Zachary Kelsey of second-degree murder. He

appeals the denial of his habeas corpus petition, brought pursuant to 28 U.S.C.

§ 2254, alleging ineffective assistance of trial counsel. Under § 2254(d), our

review is "doubly deferential," requiring deference under both the Antiterrorism

---

*     This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

and Effective Death Penalty Act and Strickland v. Washington, 466 U.S. 668 (1984). Knowles v. Mirzayance, 556 U.S. 111, 123 (2009). The state court's decision to affirm Petitioner's conviction and sentence was not "contrary to, [nor did it involve] an unreasonable application of, clearly established Federal law." 28 U.S.C. § 2254(d)(1). We therefore affirm.

1. The district court correctly denied Petitioner's claim pertaining to his trial counsel's waiver of closing argument. Counsel testified that he waived closing argument because the junior prosecutor presented a lackluster closing. Counsel also testified that, by waiving closing argument, he prevented the senior prosecutor, who was a vigorous advocate, from giving a compelling rebuttal. It was reasonable for the state court to decide that this strategy did not make counsel's performance deficient under Strickland. In addition, the state court could reasonably have decided that Petitioner's counsel did not act deficiently in agreeing to a proposal from the codefendants' lawyers to waive closing argument for all defendants. One of the codefendants' lawyers had called witnesses who attacked Petitioner's credibility and who asserted that Petitioner had committed the most brutal part of the beating that resulted in the victim's death. In the circumstances, there was reason for Petitioner's counsel not to give closing argument time to parties whose positions were hostile to his client's interests. See Bell v. Cone, 535 U.S. 685, 701–02 (2002) (holding that a state court reasonably

2

concluded that counsel in a death penalty case did not violate <u>Strickland</u> by waiving closing argument); <u>see also</u> <u>Yarborough v. Gentry</u>, 540 U.S. 1, 5–6 (2003) (per curiam) (holding that, although "[t]he right to effective assistance [of counsel] extends to closing arguments," counsel is entitled to "wide latitude in deciding how best to represent a client").

The state court also reasonably concluded that Petitioner failed to demonstrate prejudice. Trial counsel gave an effective opening statement and presented a robust defense through Petitioner's testimony and through examination of other witnesses. <u>See</u> <u>Hovey v. Ayers</u>, 458 F.3d 892, 906–07 (9th Cir. 2006) ("Where counsel's failure to oppose the prosecution occurs only in isolated points during the trial, we will not presume prejudice."). The state court reasonably concluded that Petitioner did not show a "substantial" likelihood of a different result, <u>Harrington v. Richter</u>, 562 U.S. 86, 112 (2011), had his counsel given a closing argument.

2. The district court correctly denied Petitioner's claim pertaining to his counsel's decision not to consult a forensic pathologist. Petitioner delivered two blows to the victim's head, knocking him down, and kneed him in the head twice as he fell. Two prosecution experts concluded that Petitioner's actions could have contributed directly to the victim's death. The third expert who, Petitioner argues, should have been consulted, had a view that was more favorable to Petitioner's

3

case. But it was not unreasonable for the state court to conclude that "[Petitioner] had failed to demonstrate a reasonable probability of a different outcome" had this expert testified. The third expert acknowledged that Petitioner's actions could have been a substantial factor in the victim's death, testimony that would not have absolved Petitioner of criminal liability. See Etcheverry v. State, 821 P.2d 350, 351 (Nev. 1991) (per curiam) ("[A]n intervening cause must be a superseding cause, or the sole cause of the injury in order to completely excuse the prior act." (emphasis omitted)). For those reasons, the state court reasonably applied Strickland in finding no prejudice.

**AFFIRMED.**