141 Nev., Advance Opinion 44

IN THE SUPREME COURT OF THE STATE OF NEVADA

| | |
|---|---|
| KARLO PIZARRO,<br>Appellant,<br>vs.<br>THE STATE OF NEVADA,<br>Respondent. | No. 89597<br><br>FILED<br><br>SEP 18 2025<br><br>ELIZABETH A. BROWN<br>CLERK OF SUPREME COURT<br>BY_____<br>CHIEF DEPUTY CLERK |

Appeal from a judgment of conviction, pursuant to a guilty plea, of 22 counts of theft. Eighth Judicial District Court, Clark County; Ronald J. Israel, Judge.

*Affirmed.*

Law Office of Andrew M. Leavitt, Esq., and Andrew M. Leavitt and Matthew D. Cox, Las Vegas,
for Appellant.

Aaron D. Ford, Attorney General, Carson City; Steven B. Wolfson, District Attorney, and Ann Dunn, Chief Deputy District Attorney, Clark County,
for Respondent.

_____

BEFORE THE SUPREME COURT, PARRAGUIRRE, BELL, and STIGLICH, JJ.

*OPINION*

By the Court, PARRAGUIRRE, J.:

Prior to sentencing, a convicted defendant who suffers from an addictive disorder related to gambling may seek assignment to gambler's

25-40732

diversion court to receive treatment, per NRS 458A.210. Such a defendant is eligible for gambler's diversion court, however, only when they "committed the crime in furtherance [of] or as a result of problem gambling." NRS 458A.220(1). In the proceeding below, appellant Karlo Pizarro pleaded guilty to 22 counts of theft and moved for admission into gambler's diversion court. The district court denied Pizarro's request for admission despite him meeting the criteria for a pathological gambler and being provisionally approved as an appropriate candidate for gambler's diversion court, after finding an insufficient nexus between Pizarro's addiction and the crime.

Pizarro challenges the district court's denial of his admission on grounds that the standard for admission is unclear and the district court failed to consider his evidence at the evidentiary hearing. We conclude that although the district court erroneously assigned the burden of proof to the State, the court did not abuse its discretion in denying Pizarro admission into the specialty court. While we therefore affirm the district court, we take this opportunity to clarify the proper standard for admission into gambler's diversion court.

## FACTS

Pizarro was indicted by a grand jury on 22 counts of theft and subsequently consulted an addiction treatment center. The director of the center concluded Pizarro met the criteria for a pathological gambler. Pizarro was then provisionally approved as an appropriate candidate for gambler's diversion court. Pizarro pleaded guilty to the 22 counts of theft and moved for admission into the specialty court.

The district court held an evidentiary hearing to determine whether Pizarro's crimes were committed in furtherance of or as a result of his gambling problem. At the hearing, Pizarro admitted to creating a shell

company to embezzle funds from his employer and making unauthorized purchases in his official employment role. Pizarro testified that over the course of five years, he used his employer's funds to make purchases that would generate more cash to fund his gambling addiction. On the other hand, the State provided financial records indicating that of the nearly $600,000 that Pizarro embezzled, he used only $2,295.85 for gambling. In addition, an expert for the State testified that, at most, only 29.5% of the funds stolen were used for gambling.

The district court issued an order denying Pizarro's motion for admission to specialty court. The district court determined the State successfully carried its burden of proof under a preponderance-of-the-evidence standard to show that Pizarro's crimes were not committed in furtherance of or as a result of his gambling addiction. Pizarro was then sentenced to 2-10 years for counts 1-21 and 19-60 months for count 22, all to run concurrently. Pizarro now appeals from the judgment of conviction.

## DISCUSSION

Pizarro argues that the standard for admission into gambler's diversion court under NRS 458A.220 requires clarification and the district court abused its discretion in denying him admission.

*Standard for admission into gambler's diversion court under NRS 458A.220*

NRS 458A.220 instructs that when a court "[h]as reason to believe" the defendant has "an addictive disorder related to gambling," "committed the crime in furtherance [of] or as a result of problem gambling," and is deemed eligible under NRS 458A.210, then "the court shall hold a hearing before it sentences the person to determine whether or not the person committed the crime in furtherance [of] or as a result of problem gambling and whether or not the person should receive treatment."

Pizarro contends the "reason to believe" language from the statute should be the standard for district courts to assess a defendant's eligibility. We disagree. The "reason to believe" language in NRS 458A.220 is the standard for a district court to determine whether an *evidentiary hearing* should be held. Upon that threshold determination, the district court is instructed to hold an evidentiary hearing, as the district court did in this case, to find whether "the person committed the crime in furtherance [of] or as a result of problem gambling and whether or not the person should receive treatment." NRS 458A.220.

Pizarro also contends the "in furtherance [of] or as a result of problem gambling" language in NRS 458A.220 requires clarification because it is unclear what the standard of proof is, who bears the burden of proof, and whether a certain percentage of stolen money, if any, would satisfy this standard. The State maintains that the Legislature purposefully omitted a standard because it contemplated district courts having wide discretion in reaching a decision, provided there is a sufficient nexus between the crime and the problem gambling. The State maintains that the defendant seeking admission into the specialty court bears the burden of proving eligibility for admission.

We agree with the State on both fronts. While the statute's plain language does not resolve either issue, the legislative history of NRS Chapter 458A makes clear the Legislature's intent to afford district courts wide discretion in admitting defendants into gambler's diversion court. *See* Hearing on A.B. 102 Before the Assemb. Judiciary Comm., 75th Leg., at 28 (Nev., Apr. 7, 2009) (testimony of Assemblyperson Bernie Anderson (explaining that "it is a question of judicial discretion as to how someone gets into [a diversion program]")); *see also Coleman v. State*, 134 Nev. 218,

Supreme Court
of
Nevada

(O) 1947A

4

219, 416 P.3d 238, 240 (2018) (recognizing the court's ability to review legislative history to resolve a statute's ambiguity). Moreover, this intent is consistent with our jurisprudence treating assignment to a diversion program as a discretionary sentencing decision entitled to deference. *See State v. Second Jud. Dist. Ct. (Hearn)*, 134 Nev. 783, 787, 432 P.3d 154, 159 (2018) (recognizing the discretion the judiciary must exercise when making sentencing decisions, such as whether to assign a defendant to a veterans court program); *Chavez v. State*, 125 Nev. 328, 348, 213 P.3d 476, 490 (2009) (reviewing sentencing decisions for an abuse of discretion). Finally, the pertinent legislative history also makes clear the onus is on the defendant to prove he is an appropriate candidate for gambler's diversion court. *See* Hearing on A.B. 102 Before the Assemb. Judiciary Comm., 75th Leg., at 28 (Nev., Apr. 7, 2009) (testimony of Assemblyperson Bernie Anderson (highlighting that the person seeking admission into gambler's diversion court "has to answer to the judge as to why he is a candidate for placement")).

Accordingly, we now clarify that the district court holds wide discretion in admitting a defendant into gambler's diversion court, and the defendant bears the burden in proving his or her eligibility for placement. The district court must find a rational nexus between the crime committed and the problem gambling and, consistent with sentencing decisions, must base its decision on evidence that is not impalpable or highly suspect. *Lloyd v. State*, 94 Nev. 167, 170, 576 P.2d 740, 742 (1978).

To the extent the district court here applied an improper standard and erroneously assigned the burden of proof to the State, reversal is not warranted because the error did not prejudice Pizarro. *See* NRS 178.598 ("Any error, defect, irregularity or variance which does not affect

substantial rights shall be disregarded."). We now turn to whether the district court abused its discretion in denying Pizarro admission into gambler's diversion court.

*Pizarro's sentencing challenge*

The district court held an evidentiary hearing to determine whether Pizarro should be admitted into gambler's diversion court. Ultimately, the district court found that Pizarro's testimony was not credible, noting that it was uncorroborated and improbable. The district court then found that "[a] majority of the money was used in furtherance of Defendant's lavish lifestyle, not in furtherance of or a result of a gambling problem," and denied Pizarro's motion to be admitted into gambler's diversion court.

As noted, the district court's decision to assign a defendant to a diversion program is reviewed for an abuse of discretion. *See Hearn*, 134 Nev. at 787, 432 P.3d at 159; *Chavez*, 125 Nev. at 348, 213 P.3d at 490. "[A]n abuse of discretion will be found only when the record demonstrates 'prejudice resulting from consideration of information or accusations founded on facts supported only by impalpable or highly suspect evidence . . . .'" *Lloyd*, 94 Nev. at 170, 576 P.2d at 742 (quoting *Silks v. State*, 92 Nev. 91, 94, 545 P.2d 1159, 1161 (1976)).

Pizarro argues the district court erred in believing he was living a lavish lifestyle and disregarding his testimony at the evidentiary hearing. He reasons that he provided sufficient evidence to prove his unlawful conduct was committed in furtherance of or as a result of his gambling addiction and rehashes his testimony as proof that he embezzled money for the sole purpose of fueling his gambling addiction.

SUPREME COURT
OF
NEVADA

(O) 1947A

We are not persuaded that the district court abused its discretion in denying Pizarro's motion to be admitted into gambler's diversion court. Pizarro testified that his crimes were committed in furtherance of or as a result of his gambling addiction, but he did not substantiate his claims. The State, on the other hand, provided records that demonstrated only $2,295.85 of the embezzled nearly $600,000 was used for gambling. When one person's testimony conflicts with another party's evidence, a credibility determination must be made by the factfinder. *See Ybarra v. State*, 127 Nev. 47, 58-59, 247 P.3d 269, 276-77 (2011) (highlighting the district court's ability to better assess credibility at evidentiary hearings). The district court ultimately determined the State's presentation of evidence was more credible because it was corroborated. Therefore, as the district court did not base its decision on impalpable or highly suspect evidence, it did not abuse its discretion in denying Pizarro admission into gambler's diversion court.

## CONCLUSION

NRS 458A.220 allows for a district court to admit a defendant into gambler's diversion court when the district court finds the defendant's crime is committed in furtherance of or as a result of a gambling problem. We hold that the district court has wide discretion in making this finding, and we will give deference to the court's decision so long as it is based on evidence that is not impalpable or highly suspect. Further, it is the defendant who bears the burden of proving eligibility for placement into the specialty court. Below, although the district court improperly assigned the

burden of proof to the State, the error did not prejudice Pizarro and the court's final determination was not based on impalpable or highly suspect evidence. Accordingly, we affirm the district court's denial of Pizarro's admission into gambler's diversion court.

_____, J.
Parraguirre

We concur:

_____, J.
Bell

_____, J.
Stiglich

SUPREME COURT
OF
NEVADA

(O) 1947A