VARNER RAY COLLINS, APPELLANT, v. THE STATE OF NEVADA, RESPONDENT.

No. 6457

September 14, 1971                    488 P.2d 544

*Robert G. Legakes,* Public Defender, and *Thomas D. Beatty,* Deputy Public Defender, Clark County, for Appellant.

*Robert List,* Attorney General, Carson City; *Roy A. Woofter,* District Attorney, and *Charles L. Garner,* Deputy District Attorney, Clark County, for Respondent.

## OPINION

By the Court, MOWBRAY, J.:

The appellant, Varner Ray Collins, was convicted by a jury of the crime of robbery, and he was sentenced by the district judge to serve 7 years in the State Penitentiary. Collins has appealed from his judgment of conviction, asserting several assignments of error, all of which we reject as meritless, and we affirm the verdict of the jury.

1. *The Facts.*

The robbery took place at the Nut Hut Cocktail Lounge in Las Vegas. The Nut Hut is owned and operated by Frank Imperato, who was in the bar on the afternoon the robbery occurred. Imperato, who made an in-court identification of Collins, testified that Collins had entered the Nut Hut earlier in the afternoon wearing green slacks and shirt, "fancy" sunglasses, and purple shoes. He ordered a beer and a sandwich, left the Nut Hut, and returned in about 15 minutes. Upon his reentry, Collins brandished a pistol and shouted, "Everybody on the floor!" All present responded as requested, except

Imperato, who kneeled behind the bar and witnessed Collins perpetrate the crime.

A patron, Theodore L. Hubert, testified at the trial that a man wearing "loud" green slacks and purple shoes had visited the bar, returned in about 20 minutes, flashed a pistol, and ordered everyone to the floor. Hubert fell to the floor and observed the robber's purple shoes. He could not, however, identify Collins at the trial.

Alfred Heim, the bartender on duty, who was the victim of the robbery, could not positively identify Collins at the trial, although he did testify that the robber wore a green shirt and trousers and sunglasses. He also testified that the same person, when he first visited the premises, had made a phone call from the public phone located in the bar.

Another patron, Neil Patrick Gray, testifying that Collins sat next to him at the bar, described his green outfit and purple shoes. Gray made an in-court identification of Collins.

A deputy sheriff lifted a fingerprint from the handpiece of a wall telephone located in the bar. Another deputy, William J. Dunn, identified the print as being that of one of Collins's fingers.

Finally, another deputy sheriff testified that he and his partner arrested Collins later in the evening on the date of the robbery. Collins, at the time of his arrest, was wearing a red shirt and slacks, but he still had on the purple shoes.

Collins took the stand and denied even being in the Nut Hut. He mentioned two alibi witnesses, but failed to produce them as witnesses.

2. *The Sufficiency of the Evidence.*

Collins claims that there was insufficient evidence adduced at the trial to support the guilty verdict. The contention is meritless. Where there is substantial evidence in the record to support the verdict of the jury, the verdict shall not be overturned on appeal. Pinana v. State, 76 Nev. 274, 352 P.2d 824 (1960); Tellis v. State, 85 Nev. 679, 462 P.2d 526 (1969); McGuire v. State, 86 Nev. 262, 468 P.2d 12 (1970). The evidence supporting the guilty verdict is most substantial in this case.

3. *The Closing Argument of the Prosecutor.*

Collins complains that prejudicial error was committed by the deputy district attorney in his closing argument to the jury, when the deputy made the following remarks:

"*I feel* there is no question *from the evidence presented* that

the crime of robbery was committed on this day at The Nut Hut Bar.

". . .

"So, *as far as the proof of the crime of robbery, I think* there is absolutely no question that it did occur on the date as alleged and the property was taken from Mr. Heim belonging to Mr. Imperato.

". . .

"Ladies and Gentlemen, *I feel that the State feels that it is clear from the evidence presented* before you that the State has more than proved its case beyond a reasonable doubt as defined in the law that the defendant did, in fact, commit this particular crime.

". . .

"*I submit,* Ladies and Gentlemen, *that the evidence is unquestionably clear and beyond not any reasonable doubt but all reasonable doubt* that the robbery was committed, that this defendant did in fact on this day unquestionably go into the bar at gunpoint and rob the place of $992.00, . . ." (Emphasis added.)

Collins argues that the references to his guilt were unfair comment and entitle him to a new trial. Not so.

". . . [S]tatements by the prosecutor, in argument, indicative of his opinion, belief, or knowledge as to the guilt of the accused, when made as a deduction or conclusion from the evidence introduced in the trial, are permissible and unobjectionable." (Footnote omitted.) 5 Wharton Cr. Law & Proc. § 2084 (1957) at 246. See also Dotson v. State, 80 Nev. 42, 389 P.2d 77 (1964), and Ellison v. State, 87 Nev. 4, 479 P.2d 461 (1971). The record in this case substantiates the conclusions of the prosecutor.

4. *The Testimony of the Fingerprint Expert.*

A. *Qualifications of the fingerprint expert.*

Collins argues that William J. Dunn, who made the fingerprint comparison, should not have been permitted to testify regarding his findings and opinion because he was not a qualified fingerprint expert. Dunn had been employed by the Clark County Sheriff's office since 1964. He commenced studying fingerprints in 1965. In 1966, Dunn completed a home study course in fingerprint identification sponsored by the Institute of Applied Sciences. He had a minimum of 24 months of in-service tutelage under the supervisory personnel of the Sheriff's office assigned to the identification bureau of that

office. He had made over 1,000 fingerprint comparisons. He had, as the district judge ruled, sufficient experience to testify as an expert in this field. As the court said in Hardison v. State, 84 Nev. 125, 128, 437 P.2d 868, 870 (1968):

". . . The question whether a particular witness is qualified as an expert and should be permitted to give opinion evidence is to be determined by the trial court in its discretion. The weight of his testimony is, of course, a question for the jury. . . ."

The district judge ruled properly in permitting Dunn to testify, and he correctly instructed the jury regarding the jury's role in weighing the testimony of such an expert.

B. *Testimony regarding Collins's fingerprints on the phone.*

Collins also asserts that reversible error was committed in that Dunn was permitted to testify regarding the length of time Collins's print had been on the phone reciver. Relying heavily on Beasley v. State, 81 Nev. 431, 404 P.2d 911 (1965), Collins urges that such testimony is not admissible absent a "control test" as described in Beasley. This is true. However, Dunn never expressed an opinion as to the length of time the print had been on the phone. He did testify regarding the length of time latent fingerprints remain on different objects and the manner in which they may be destroyed by the overlapping of other fingerprints. He did not, however, express an opinion regarding the period Collins's prints had been on the bar phone, which would have necessitated the Beasley control test.[1]

Since all assignments of error are without merit, the appeal is denied, and the judgment of conviction is affirmed.

ZENOFF, C. J., BATJER, THOMPSON, and GUNDERSON, JJ., concur.

---

[1] The testimony to which Collins now objects was elicited by his then counsel of record at the trial.