VARNER RAY COLLINS, Appellant, *v.* THE STATE OF NEVADA, Respondent.

No. 6595

March 14, 1972                              494 P.2d 956

*Robert G. Legakes,* Public Defender, and *Thomas D. Beatty,* Deputy Public Defender, Clark County, for Appellant.

*Robert List,* Attorney General, *Roy A. Woofter,* District

Attorney, and *Charles L. Garner,* Deputy District Attorney, Clark County, for Respondent.

## OPINION

*Per Curiam:*

During the morning of September 10, 1969, an individual entered the Hyde Park Liquor store in Las Vegas and forced two patrons to lie on the floor while he took from the employee on duty a paper bag of cash and a cigar box containing rolled coin. Before fleeing, the robber directed the three individuals to enter one of the restrooms. The store owner after parking his car observed a man running from the store carrying a cigar box and a paper bag and enter an automobile. This aroused the owner's suspicions so he took down the auto's license number. Appellant was later arrested near an apartment house, standing beside a vehicle bearing the license number taken by the store owner. A paper bag and cigar box, identified as those taken from the store, were located in a trash receptacle at the rear of the apartments. Several hundred dollars in bills and coin were scattered in the bag, cigar box, and trash receptacle. Fingerprints taken from the paper bag, cigar box, and automobile matched those of appellant. Upon this evidence and the identification of the appellant by both the store owner and one of the patrons who observed the robbery, appellant was convicted.

Appellant now contends that his conviction must be reversed because: (1) his request for a jury composed of six black persons and six white persons was denied, (2) the court refused to give his proposed instruction regarding the inferences that could be drawn from his failure to testify in his own behalf, (3) the district judge imposed a sentence in excess of that recommended by the Department of Parole and Probation, and (4) insufficient evidence was adduced at the trial to support his conviction. We find all the assertions of error to be without merit.

Regarding appellant's first assignment of error, a jury verdict violates the equal protection clause of the Fourteenth Amendment only if it can be shown that members of the appellant's race were excluded systematically from jury duty. We find nothing in the record to suggest that members of the appellant's race were so excluded from jury service, nor has appellant directed us to any portion of the record which would so indicate. Howard v. State, 84 Nev. 599, 446 P.2d 163 (1968); Collins v. State, 87 Nev. 436, 488 P.2d 544 (1971); Collins v. State, 88 Nev. 9, 492 P.2d 991 (1972). In Swain v. Alabama, 380 U.S. 202, 202–04 (1965) the United States Supreme Court stated, "Although a Negro defendant is not entitled to a jury containing members of his race, a State's purposeful or deliberate denial of Negroes on account of race of participation as jurors in the administration of justice violates the Equal Protection Clause."

With reference to appellant's second contention, the record reflects that the instruction given by the trial court recited substantially the same law as the instruction requested, including the principle that no person can be compelled to be a witness against himself. It is not error to refuse to give an instruction when the law encompassed therein is substantially covered by another instruction given to the jury. Summers v. State, 86 Nev. 210, 467 P.2d 98 (1970); Vincze v. State, 86 Nev. 546, 472 P.2d 936 (1970).

Appellant cites no authority in support of his third assignment of alleged error. This court will not consider the assignment unless the error is so unmistakable that it reveals itself by a casual inspection of the record. Carson v. Sheriff, 87 Nev. 357, 487 P.2d 334 (1971); Smithart v. State, 86 Nev. 925,

478 P.2d 576 (1970). No such error is revealed here. Furthermore there is no requirement imposed upon the sentencing court to set the penalty in compliance with the recommendations of the Department of Parole and Probation. A trial court does not abuse its discretion by imposing a sentence in excess of that suggested by the Department.

We have reviewed the record and find it contains substantial competent evidence to support the jury's verdict. McGuire v. State, 86 Nev. 262, 468 P.2d 12 (1970); Collins v. State, 87 Nev. 436, 488 P.2d 544 (1971).

The judgment of the district court is affirmed.