OPINION

Per Curiam:

This is an appeal from a judgment of conviction entered pursuant to a guilty plea of one count of false imprisonment and one count of sexual assault. The district court sentenced appellant to serve a term of life with the possibility of parole in the Nevada State Prison for sexual assault and a concurrent term of one year in the county jail for false imprisonment. Appellant does not challenge on appeal his convictions, but rather contends that the district court erred in sentencing him.[1]
Appellant contends in particular that the district court denied *873 him a fair sentencing hearing because it allowed the victim and the victim’s mother to request that the district court impose the maximum possible sentence. Appellant waived this contention by failing to object below. Emmons v. State, 107 Nev. 53, 61, 807 P.2d 718, 723 (1991). Further, we have held that a victim may request that the district court impose a specific sentence. Randell v. State, 109 Nev. 5, 7-8, 846 P.2d 278, 280 (1993). Appellant’s contention lacks merit.
Appellant also contends that in sentencing him the district court relied on the state’s inaccurate characterization of a prior arrest in Oregon for third degree rape. The state contended that the prior arrest and the facts surrounding this case indicated appellant may have sexually assaulted other women. This court will not disturb a sentence that is within statutory limits unless the district court relies on highly suspect or impalpable information. Silks v. State, 92 Nev. 91, 545 P.2d 1159 (1976). Appellant has not demonstrated that the district court relied on the state’s allegedly misleading characterization of him. At sentencing, appellant discounted the state’s characterizations and explained that the prior arrest was for statutory rape and not for sexual assault. The district court was fully informed when it sentenced appellant. The district court acted well within its discretion in sentencing appellant to life imprisonment with the possibility of parole. See Randell, 109 Nev. at 7-8, 846 P.2d at 280.
Appellant contends finally that the district court erred in imposing restitution in an amount to be determined later. The state concedes that the district court erred. We agree. Accordingly, we remand this matter to the district court with instructions to amend the judgment of conviction to impose restitution in a specific amount in accordance with Botts v. State, 109 Nev. 567, 854 P.2d 856 (1993). We affirm appellant’s conviction in all other respects.

Pursuant to NRAP 34(f)(1), we have determined that oral argument is not warranted in this appeal.