An unpublished order shall not be regarded as precedent and shall not be cited as legal authority. SCR 123.

IN THE SUPREME COURT OF THE STATE OF NEVADA

RICHARD SAUCEDA VILLA,
Appellant,
vs.
THE STATE OF NEVADA,
Respondent.

No. 63086

FILED

SEP 1 8 2013



TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY _____
DEPUTY CLERK

*ORDER OF AFFIRMANCE*

This is an appeal from a judgment of conviction entered pursuant to an *Alford*[1] plea of theft. Eighth Judicial District Court, Clark County; Doug Smith, Judge.

*Judicial disqualification*

Appellant Richard Sauceda Villa contends that the district court erred by denying his motion to disqualify Judge Smith. In an affidavit filed pursuant to NRS 1.235(2), Villa alleged that two incidents caused him to believe that Judge Smith was biased or prejudiced against him. The first incident occurred when, after continuing sentencing, the judge revoked Villa's own recognizance release and stated, "I'm going to put him in custody because he embezzled so much money that I don't think I'm going to put him on probation." The second incident occurred during a hearing on Villa's motion for own recognizance release when the judge interrupted counsel to have him put his arguments on the record, "grilled" counsel as to whether Villa had remained employed after embezzling from his former employer, stated that he had not decided

---

[1]*North Carolina v. Alford*, 400 U.S. 25 (1970).

13-27707

whether he would follow the plea negotiations, denied Villa's motion for own recognizance release, did not fully review letters attesting to Villa's character, and set Villa's bail at $201,000.

"[A] judge is presumed to be impartial, [and] the burden is on the party asserting the challenge to establish sufficient factual grounds warranting disqualification." *Ybarra v. State*, 127 Nev. ___, ___, 247 P.3d 269, 272 (2011) (internal quotation marks omitted), *cert. denied*, ___ U.S. ___, 132 S. Ct. 1904 (2012). We review a district court's decision to grant or deny a motion for disqualification for abuse of discretion. *See Ivey v. Eighth Judicial Dist. Court*, 129 Nev. ___, ___, 299 P.3d 354, 358 (2013); *Rivero v. Rivero*, 125 Nev. 410, 439, 216 P.3d 213, 233 (2009).

Chief Judge Jennifer P. Togliatti considered Villa's pleadings and Judge Smith's answer and found that "allegations that Judge Smith interrupted and grilled counsel at the March 6, 2013 hearing, as well as allegations that Judge Smith did not fully review the materials provided to him at that time are not sufficient to find that the judge was biased or prejudiced" and that Judge Smith "was prepared for the hearings in question and presided over them impartially and with an open mind." The chief judge concluded that Villa had failed to prove sufficient instances of bias or conflict to warrant disqualification and denied Villa's motion. The chief judge's findings are supported by the record and are not clearly wrong, and we conclude she did not abuse her discretion by denying Villa's motion for disqualification.

*Abuse of discretion at sentencing*

Villa contends that the district court abused its discretion at sentencing by not granting probation because he had no prior criminal history, provided numerous letters attesting to his character, both the

State and the Division of Parole and Probation recommended probation, the spirit of the parties' plea negotiations was entitled to deference, and the district court relied upon highly suspect evidence at sentencing.

We have consistently afforded the district court wide discretion in imposing a sentence. *See Houk v. State*, 103 Nev. 659, 664, 747 P.2d 1376, 1379 (1987). A sentencing "court is privileged to consider facts and circumstances which clearly would not be admissible at trial." *Silks v. State*, 92 Nev. 91, 93-94, 545 P.2d 1159, 1161 (1976). However, we "will reverse a sentence if it is supported *solely* by impalpable and highly suspect evidence." *Denson v. State*, 112 Nev. 489, 492, 915 P.2d 284, 286 (1996).

Villa's sentence was within the limits imposed by NRS 205.0835(4) and the record belies his claim that the district court relied solely on highly suspect evidence in reaching its sentencing decision. We note that the district court has discretion to grant probation, *see* NRS 176A.100(1)(c), it is not required to follow the sentencing recommendations of the State or Division of Parole and Probation, *see Collins v. State*, 88 Nev. 168, 171, 494 P.2d 956, 957 (1972), and its sentencing discretion is not bound by the terms of a plea agreement, *see generally Van Buskirk v. State*, 102 Nev. 241, 244, 720 P.2d 1215, 1217 (1986). And we conclude that Villa has failed to demonstrate that the district court abused its discretion at sentencing.

*Cruel and unusual punishment*

Villa contends that his 24- to 60-month prison sentence is cruel and unusual because it is disproportionate to the severity of his crime and does not make a measureable contribution to the acceptable goals of punishment in his case. However, Villa has not alleged that the

sentencing statute is unconstitutional, *see Blume v. State*, 112 Nev. 472, 475, 915 P.2d 282, 284 (1996), his sentence falls within the parameters of that statute, *see* NRS 205.0835(4), and we are not convinced that the sentence is so grossly disproportionate to the gravity of the offense as to shock the conscience, *see Harmelin v. Michigan*, 501 U.S. 957, 1000-01 (1991) (plurality opinion); *Blume*, 112 Nev. at 475, 915 P.2d at 284. Accordingly, we conclude that the sentence does not violate the constitutional proscriptions against cruel and unusual punishment.

Having concluded that Villa is not entitled to relief, we ORDER the judgment of conviction AFFIRMED.

_____, J.
Gibbons

_____, J.        _____, J.
Douglas                                              Saitta


cc:    Hon. Jennifer P. Togliatti, Chief Judge
       Hon. Doug Smith, District Judge
       Las Vegas Defense Group, LLC
       Attorney General/Carson City
       Clark County District Attorney
       Eighth District Court Clerk