An unpublished order shall not be regarded as precedent and shall not be cited as legal authority. SCR 123.

# IN THE SUPREME COURT OF THE STATE OF NEVADA

BOBBY ERIC GARZA,
Appellant,
vs.
THE STATE OF NEVADA,
Respondent.

No. 63080

FILED

SEP 1 8 2013

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY_____
DEPUTY CLERK



## ORDER OF AFFIRMANCE

This is an appeal from a judgment of conviction, pursuant to a guilty plea, of eluding a police officer in a manner posing a danger to persons or property. Sixth Judicial District Court, Humboldt County; Michael Montero, Judge.

Appellant Bobby Eric Garza contends that the State breached the guilty plea agreement by arguing for a prison term when it agreed to recommend drug court. Garza also implies that the district court erred by concluding that he breached the plea agreement without conducting an evidentiary hearing. We are unable to review these claims because Garza has not included the guilty plea agreement that he pleaded under in the appendix. The record indicates that Garza entered into a guilty plea agreement that was filed in the district court on September 7, 2012. The State, however, backed out of the agreement and Garza did not enter a

Supreme Court
of
Nevada

(O) 1947A

13-27772

plea under the terms of that agreement. Instead, a new plea agreement was filed on November 5, 2012, and Garza entered his plea pursuant to that agreement on the same day. Garza includes only the September 7, 2012, agreement in the appendix.

Garza next contends that the district court abused its discretion by declining to suspend his prison term of 28 to 70 months and place him on probation. He also asserts that the minimum sentence should be 13 months, in accordance with the Division of Parole and Probation's sentence recommendation selection scale. We disagree.

Garza's sentence is within the statutory limits, *see* NRS 484B.550(3)(b), and it is within the district court's discretion to deny probation, NRS 176A.100(1)(c), or impose a sentence different from that recommended by the Division, *Collins v. State*, 88 Nev. 168, 171, 494 P.2d 956, 957 (1972). To the extent Garza contends that the district court abused its discretion by relying on a probation probability success sheet "obviously completed incorrectly" by the Division, we disagree. Garza fails to demonstrate that the Division incorrectly filled out the sheet. Moreover, the record does not reflect that the district court relied solely on the sheet when imposing Garza's sentence. *See Denson v. State*, 112 Nev. 489, 492, 915 P.2d 284, 286 (1996) (this court will reverse a sentence if it

is based solely on highly suspect and impalpable evidence). Accordingly, we

ORDER the judgment of conviction AFFIRMED.[1]

_____, J.
Gibbons

_____, J.
Douglas

_____, J.
Saitta

cc:  Hon. Michael Montero, District Judge
     Humboldt County Public Defender
     Attorney General/Carson City
     Humboldt County District Attorney
     Humboldt County Clerk

---

[1]Although we filed the fast track briefs submitted by the parties, they fail to comply with the Nevada Rules of Appellate Procedure. Neither brief contains margins of at least 1 inch on all four sides, and the footnotes in the fast track statement are not in the same size and typeface as the brief. *See* NRAP 3C(h)(1); NRAP 32(a)(4)-(5). We caution counsel for the parties that future failure to comply with the rules of this court may result in the imposition of sanctions. NRAP 3C(n).