An unpublished order shall not be regarded as precedent and shall not be cited as legal authority. SCR 123.

# IN THE SUPREME COURT OF THE STATE OF NEVADA

FREDDY PONCE,
Appellant,
vs.
THE STATE OF NEVADA,
Respondent.

No. 63126

**FILED**

MAY 13 2014

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY_____
DEPUTY CLERK

## ORDER OF AFFIRMANCE

This is an appeal from a judgment of conviction, pursuant to a guilty plea, of robbery and second-degree murder. Eighth Judicial District Court, Clark County; Michael Villani, Judge. Appellant Freddy Ponce raises three errors on appeal.

First, Ponce contends that his counsel's ineffective assistance rendered his plea unknowing and involuntary. We have consistently declined to consider ineffective-assistance-of-counsel claims on direct appeal unless the district court has held an evidentiary hearing on the matter or an evidentiary hearing would be needless. *Pellegrini v. State*, 117 Nev. 860, 883, 34 P.3d 519, 534-35 (2001). Neither exception applies here, and we therefore decline to consider this claim.

Second, Ponce contends that the district court abused its discretion by refusing to consider his presentence motion to withdraw his guilty plea and not allowing him to withdraw his plea. The State contends that Ponce did not unequivocally make a motion to withdraw his guilty plea. We agree. On March 8, 2013, Ponce told the district court that he was trying to contact his defense counsel so that he could try to withdraw his guilty plea and asked the district court, "[C]an I do a motion to have

SUPREME COURT
OF
NEVADA

(O) 1947A

14-15404

him withdraw?" The district court told Ponce it would contact his counsel and tell him that Ponce had an urgent matter to speak with him about. One month later, counsel informed the district court that Ponce had filed a proper person motion to withdraw his guilty plea but that counsel had not seen the motion. The district court did not find any record of Ponce's motion and told counsel that it would be considered a "fugitive document," presumably because Eighth Judicial District Court Rule 3.70 prohibits the district court from filing proper person motions delivered by a defendant who is represented by counsel. The district court then pronounced Ponce guilty based upon his previously entered guilty plea.

During allocution Ponce told the court that he asked his counsel to withdraw his plea on his behalf and gave several reasons why he was concerned with the circumstances surrounding his plea agreement, particularly his agreement to plead guilty to a fictitious robbery count. Ponce then asked the court to "either run [his robbery conviction] concurrent, or dismiss the robbery, or allow him to withdraw." While this last statement could be construed as an oral request to withdraw his guilty plea, Ponce's request was equivocal. Based on the limited record before this court, Ponce appears to have wanted to renegotiate his guilty plea rather than completely withdraw it and proceed to trial. Because of the equivocal nature of Ponce's statement, we cannot say that the district court abused its discretion by failing to construe his statements as an oral motion to withdraw his guilty plea and rule on whether he had a "fair and just" reason to withdraw his guilty plea. The district court also did not deny Ponce the right to file a motion to withdraw his guilty plea. Any claim that Ponce's counsel was ineffective for failing to agree to his repeated requests to file a presentence motion to withdraw his guilty plea

on his behalf must be brought in a post-conviction petition for a writ of habeas corpus. *See id.* at 882, 34 P.3d at 534; *see also* NRS 34.726(1) ("Unless there is good cause shown for delay, a petition . . . must be filed . . . within 1 year after the Supreme Court issues its remittitur" on direct appeal.).

Third, Ponce contends that the district court abused its discretion at sentencing by not following the recommendation of the Division of Parole and Probation and considering other mitigating factors and that its sentencing decision amounts to cruel and unusual punishment under the United States Constitution. U.S. Const. amend. VIII. This court will not disturb a district court's sentencing determination absent an abuse of discretion. *Randell v. State,* 109 Nev. 5, 8, 846 P.2d 278, 280 (1993). Ponce has not alleged that the district court relied solely on impalpable or highly suspect evidence or that the sentencing statute is unconstitutional. *See Chavez v. State,* 125 Nev. 328, 348, 213 P.3d 476, 489-90 (2009). "Furthermore there is no requirement imposed upon the sentencing court to set the penalty in compliance with the recommendations of the [Division] of Parole and Probation." *Collins v. State*, 88 Nev. 168, 171, 494 P.2d 956, 957 (1972). Ponce's consecutive sentences of life with a minimum parole eligibility after 10 years and 180 months with a minimum parole eligibility after 60 months falls within the parameters provided by the relevant statutes, *see* NRS 200.030(5); NRS 200.380(2), and we conclude that his sentence is not so unreasonably disproportionate to the gravity of the offenses as to shock the conscience, *see Harmelin v. Michigan,* 501 U.S. 957, 1000–01 (1991) (plurality opinion); *Culverson v. State,* 95 Nev. 433, 435, 596 P.2d 220, 221-22 (1979). Therefore, we conclude that the district court did not abuse its discretion

at sentencing and Ponce's sentence did not amount to cruel and unusual punishment.

Having considered Ponce's contentions and concluded that he is not entitled to relief, we

ORDER the judgment of conviction AFFIRMED.

_____, J.
Hardesty

_____, J.
Douglas

_____, J.
Cherry

cc: Hon. Michael Villani, District Judge
Mario D. Valencia
Attorney General/Carson City
Clark County District Attorney
Eighth District Court Clerk