# IN THE SUPREME COURT OF THE STATE OF NEVADA

CARL ALAN BOND, JR.,
Appellant,
vs.
THE STATE OF NEVADA,
Respondent.

No. 75804

FILED

JUN 17 2019

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY S. Young
DEPUTY CLERK



## ORDER OF AFFIRMANCE

This is an appeal from a judgment of conviction, pursuant to a jury verdict, of assault with a deadly weapon. Fourth Judicial District Court, Elko County; Alvin R. Kacin, Judge.

After his conviction for assaulting a man in a casino parking lot with a folding knife, appellant Carl Bond was sentenced to 24 to 60 months in prison. On appeal, Bond takes issue with the sentence, arguing it constitutes cruel and unusual punishment and that the district court abused its discretion in denying probation where Bond did not have prior felony convictions and wanted to address his drug problem. Bond also argues that the State presented insufficient evidence to support his conviction. We disagree with both contentions.

This court has consistently afforded district courts wide discretion in criminal sentencing decisions, *Chavez v. State*, 125 Nev. 328, 348, 213 P.3d 476, 490 (2009), and will not disturb a sentence that is within statutory limits unless the district court relied on "highly suspect or impalpable information," *Smith v. State*, 112 Nev. 871, 873, 920 P.2d 1002, 1003 (1996). Further, the Eighth Amendment of the United States Constitution does not require strict proportionality between crime and sentence, *Harmelin v. Michigan*, 501 U.S. 957, 1001 (1991) (plurality

opinion), and a sentence that is within statutory limits will not be considered cruel and unusual unless the statute assigning punishment is unconstitutional "or the sentence is so unreasonably disproportionate to the offense as to shock the conscience," *Chavez*, 125 Nev. at 348, 213 P.3d at 489 (quoting *Blume v. State*, 112 Nev. 472, 475, 915 P.2d 282, 284 (1996)).

Bond's sentence is within the statutory range for his offense. *See* NRS 200.471 (defining both assault and the prescribed penalty when a deadly weapon is used). Furthermore, the record shows that the district court did not rely on unsupported facts or suspect evidence, but rather considered arguments by counsel, Bond's statement, the nature of the crime, and the Parole and Probation report. *Smith*, 112 Nev. at 873, 920 P.2d at 1003. Thus, we conclude that the district court did not abuse its discretion in sentencing Bond to prison instead of probation. The imposed sentence also did not constitute cruel and unusual punishment as it does not shock the conscience given the circumstances surrounding the assault and Bond's previous battery conviction.

As to sufficient evidence, Bond highlights the lack of direct evidence that he held the knife. But, when reviewing a challenge to the sufficiency of the evidence, we consider "whether, after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *McNair v. State*, 108 Nev. 53, 56, 825 P.2d 571, 573 (1992) (quoting *Jackson v. Virginia*, 443 U.S. 307, 319 (1979)). The record shows that, after Bond said he was going to "kill somebody," a witness saw an unfolded knife, not belonging to any other persons at the scene, in between Bond and the victim during their altercation and that the victim had hand lacerations. Viewing this evidence in the light most favorable to the State, a rational trier of fact

could conclude beyond a reasonable doubt that Bond unlawfully attempted to use physical force against the victim and had the "present ability to use a deadly weapon." NRS 200.471(2); *see also Hernandez v. State*, 118 Nev. 513, 531, 50 P.3d 1100, 1112 (2002) (concluding that circumstantial evidence alone may support a criminal conviction); *Walker v. State*, 91 Nev. 724, 726, 542 P.2d 438, 439 (1975) (recognizing that "it is the function of the jury, not the appellate court, to weigh the evidence and pass upon the credibility of the witness"). Accordingly, we

ORDER the judgment of the district court AFFIRMED.

_____, J.
Pickering

_____, J.
Parraguirre

_____, J.
Cadish

cc:   Hon. Alvin R. Kacin, District Judge
      Elko County Public Defender
      Attorney General/Carson City
      Elko County District Attorney
      Elko County Clerk