IN THE SUPREME COURT OF THE STATE OF NEVADA

LASHAE R. GALLON,
Appellant,
vs.
THE STATE OF NEVADA,
Respondent.

No. 75976

FILED

OCT 24 2019

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY S. Young
DEPUTY CLERK

## ORDER OF AFFIRMANCE

This is an appeal from a judgment of conviction, pursuant to a jury verdict, of child abuse or neglect causing substantial bodily harm.[1] Second Judicial District Court, Washoe County; Egan K. Walker, Judge. Appellant Lashae Gallon raises three contentions on appeal.

Gallon first argues that the district court erred in denying her *Batson*[2] challenge. We review for clear error, *McCarty v. State*, 132 Nev. 218, 226, 371 P.3d 1002, 1007 (2016), and disagree. "An equal protection challenge to the exercise of a peremptory challenge is evaluated using the three-step analysis set forth by the United States Supreme Court in *Batson*." *Id.* Only the second and third steps in the *Batson* analysis are relevant here because the district court asked the State to give its reasons for the peremptory challenge without first determining whether Gallon made a prima facie showing of discrimination. *Ford v. State*, 122 Nev. 398 403, 132 P.3d 574, 577 (2006). The State met its burden at the second step, offering a race-neutral explanation for its challenge—the prospective juror's

---

[1]Pursuant to NRAP 34(f)(1), we have determined that oral argument is not warranted in this appeal.

[2]*Batson v. Kentucky*, 476 U.S. 79 (1986).

SUPREME COURT
OF
NEVADA

(O) 1947A

19-44052

view that whipping a child is acceptable corporal punishment. *See McCarty*, 132 Nev. at 226, 371 P.3d at 1007 (providing that the second step in a *Batson* analysis is for the proponent to give a neutral explanation for the challenge). And we perceive no clear error in the district court's decision on the third step that Gallon failed to prove purposeful discrimination, particularly when no other prospective veniremember espoused similar views. *See id.* at 226-27, 371 P.3d at 1007-08 (discussing the considerations that may be relevant in determining at step three whether the defendant has proven purposeful discrimination); *see also United States v. Vasquez-Lopez*, 22 F.3d 900, 902 (9th Cir. 1994) ("The one fact supporting [the defendant's] *Batson* claim was the juror's status as the sole Black prospective juror. More was required.").

Second, Gallon argues that insufficient evidence supports the verdict. When reviewing a challenge to the sufficiency of the evidence, we consider "whether, after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *McNair v. State*, 108 Nev. 53, 56, 825 P.2d 571, 573 (1992) (quoting *Jackson v. Virginia*, 443 U.S. 307, 319 (1979)). The record shows that the almost 2-year-old victim suffered a severe head injury while in Gallon's care. No other adults were present at the time. The injury caused a massive brain bleed requiring surgery and partial brain removal. Thereafter, the victim had speech and eyesight issues, stroke-like debilities, cognitive delays, and required leg braces and a gastrostomy tube. Several physicians testified that the injury was not accidental and occurred within hours of the victim's arrival at the emergency room. Viewing this evidence in the light most favorable to the State, a rational trier of fact could conclude beyond a reasonable doubt that

SUPREME COURT
OF
NEVADA

(O) 1947A

2

Gallon was guilty of child abuse or neglect in violation of NRS 200.508. *See Hernandez v. State*, 118 Nev. 513, 531, 50 P.3d 1100, 1112 (2002) (concluding that circumstantial evidence alone may support a criminal conviction); *Walker v. State*, 91 Nev. 724, 726, 542 P.2d 438, 439 (1975) (recognizing that "it is the function of the jury, not the appellate court, to weigh the evidence and pass upon the credibility of the witness").

Third, Gallon argues that the district court abused its discretion in sentencing her to a term of 8-20 years. Specifically, Gallon argues that the district court assumed facts about the victim's current condition that were not in evidence and then improperly imposed the maximum sentence based on Gallon's statement during the sentencing hearing that the victim performed certain daily tasks as competently as he had before the abuse. District courts have wide discretion in criminal sentencing decisions, *Chavez v. State*, 125 Nev. 328, 348, 213 P.3d 476, 490 (2009), and we will not disturb a sentence that is within statutory limits unless the district court relied on "highly suspect or impalpable information," *Smith v. State*, 112 Nev. 871, 873, 920 P.2d 1002, 1003 (1996). Here, Gallon's sentence is within the prescribed statutory range of 2 to 20 years. *See* NRS 200.508(1)(a)(2), (2)(a)(d) (prescribing penalties for child abuse resulting in substantial bodily harm that does not involve sexual abuse or exploitation). Nor does it appear that the district court relied on impalpable or highly suspect evidence. In particular, when the district court referred to Gallon's comment that she had seen the victim walking and opening doors during a video call after he had finished rehabilitation, the court expressed concern that the comment indicated Gallon was minimizing or did not appreciate the severity of the victim's injuries and long-term prognosis. In doing so, the court appropriately relied on evidence

presented at trial. *See Lucas v. State*, 96 Nev. 428, 433, 610 P.2d 727, 731 (1980) (finding no abuse of discretion where the judge's sentencing remarks reflected inferences that could be reasonably drawn from the trial evidence). The district court's concern in that respect was only part of its explanation for its sentencing decision. The court also relied on other information, unchallenged by Gallon. Based on the foregoing, we find no abuse of discretion in the district court's sentencing decision. *See Smith*, 112 Nev. at 873, 920 P.2d at 1003; *cf. Norwood v. State*, 112 Nev. 438, 440, 915 P.2d 277, 278-79 (1996) (remanding for a new penalty hearing when the sentencing judge declared the defendant a gang leader, absent *any* supporting evidence, and sentenced him based on that unsubstantiated assertion). Accordingly we,

ORDER the judgment of conviction AFFIRMED.[3]

_____, C.J.
Gibbons

_____, J.
Parraguirre

_____, Sr. J.
Douglas

cc:  Hon. Egan K. Walker, District Judge
     Edward T. Reed
     Attorney General/Carson City
     Washoe County District Attorney
     Washoe District Court Clerk

---

[3]The Honorable Michael Douglas, Senior Justice, participated in the decision of this matter under a general order of assignment.