IN THE SUPREME COURT OF THE STATE OF NEVADA

CARL DENNIS LEMOS,
Appellant,
vs.
THE STATE OF NEVADA,
Respondent.

No. 78293

FILED

APR 16 2020

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY _____
DEPUTY CLERK

## ORDER OF AFFIRMANCE

This is an appeal from a judgment of conviction, pursuant to a jury verdict, of attempted murder with the use of a deadly weapon against a person 60 years of age or older, battery with a deadly weapon causing substantial bodily harm to a victim 60 years of age or older, and burglary with possession of a deadly weapon.[1] Tenth Judicial District Court, Churchill County; Thomas L. Stockard, Judge. Appellant Carl Lemos raises two contentions on appeal.

Lemos first argues that because his convictions for attempted murder and battery stem from the same conduct they violate double jeopardy as redundant and, under these facts, one is a lesser-included offense of the other. We review de novo "[w]hether conduct that violates more than one criminal statute can produce multiple convictions in a single trial." *Jackson v. State*, 128 Nev. 598, 603-04, 291 P.3d 1274, 1277 (2012). "A single act can violate more than one criminal statute," and resulting convictions do not violate the Double Jeopardy Clause when "each offense

---

[1]Pursuant to NRAP 34(f)(1), we have determined that oral argument is not warranted in this appeal.

20-14489

contains an element not contained in the other." *Id.* at 601, 607, 291 P.3d at 1276, 1280 (quotation marks omitted) (utilizing the *Blockburger*[2] "same element" test to determine whether two statutes penalize the same offense). In *Jackson*, we rejected the "same conduct" approach and explained that "the single act/multiple punishment question" is statute specific, not fact specific. *Id.* at 601, 605, 608-13, 291 P.3d at 1276, 1278, 1280-83. Therefore, we conclude that Lemos' convictions and sentences do not violate the Double Jeopardy Clause. *See Blockburger*, 517 U.S. at 291; *see also Jackson*, 128 Nev. at 607, 291 P.3d at 1280 (concluding that the statutes for attempted murder and battery "do not proscribe the same offense" and hence "the presumption against multiple punishments for the same offence does not arise" (internal quotation marks omitted)). And we decline Lemos' invitations to revisit *Jackson*.

Lemos also challenges his sentence. Considering the district court's wide discretion in sentencing, *Chavez v. State*, 125 Nev. 328, 348, 213 P.3d 476, 490 (2009); that Lemos' sentences were all within the prescribed statutory range for his convictions, *see* NRS 193.165 (additional deadly weapon penalty); NRS 193.167 (additional penalty for crimes against persons 60 or older); NRS 193.330(1)(a)(1) (attempted category A felony penalties); NRS 200.030(4) (defining murder as a category A felony); NRS 200.481(2)(e)(2) (proscribing punishment for battery with a deadly weapon causing substantial bodily harm); NRS 205.060(4) (penalizing burglary with a deadly weapon); and that the district court only made its sentencing decision after considering counsels' arguments, Lemos' statement, the victim's statement, mitigating and aggravating factors, and the Division of

---

[2]*Blockburger v. United States*, 517 U.S. 299 (1932).

Parole and Probation's report, we find no abuse of discretion. That the sentence was in excess of what the Division recommended and that the convictions arose from the same incident does not affect our decision. *See* NRS 176.035 (providing district courts discretion to impose consecutive sentences); *Jackson*, 128 Nev. at 607, 291 P.3d at 1279-80 ("While a court *may* take into account the aggregation of charges in sentencing . . . multiple convictions and associated punishments do not offend double jeopardy."); *Allred v. State*, 120 Nev. 410, 421, 92 P.3d 1246, 1253-54 (2004) (providing that even a severe sentence is constitutionally sound when it is within statutory guidelines, the underlying statute is constitutional, and it is not grossly disproportionate to the crimes committed); *Collins v. State*, 88 Nev. 168, 171, 494 P.2d 956, 957 (1972) (explaining that it is not an abuse of discretion to impose a sentence in excess of the Division's recommendation because there is no requirement to follow it). And appellant does not argue that the district court relied on impalpable or highly suspect evidence. *See Smith v. State*, 112 Nev. 871, 873, 920 P.2d 1002, 1003 (1996) (providing that this court may disturb a sentence within statutory limits only if district court relied on "highly suspect or impalpable information").

Further, the imposed sentence does not constitute cruel and unusual punishment under the Eighth Amendment. It does not shock the conscience given the circumstances leading up to the crime and the crime itself; that the majority of Lemos' criminal history was alcohol, weapon, or violence related; and the victim's injuries and resulting hardship. *See Harmelin v. Michigan*, 501 U.S. 957, 1001 (1991) (plurality opinion) (holding that strict proportionality between crime and sentence is not required by the Eighth Amendment of the United States Constitution); *Chavez*, 125 Nev. at 348, 213 P.3d at 489 (concluding that a sentence that

is within statutory limits will not be considered cruel and unusual unless it "is so unreasonably disproportionate to the offense as to shock the conscience" (quoting *Blume v. State*, 112 Nev. 472, 475, 915 P.2d 282, 284 (1996))).

Having considered Lemos' claims and concluded no relief is warranted, we

ORDER the judgment of conviction AFFIRMED.

_____, J.
Parraguirre

_____, J.
Hardesty

_____, J.
Cadish

cc: Hon. Thomas L. Stockard, District Judge
The Law Office of Jacob N. Sommer
Attorney General/Carson City
Churchill County District Attorney/Fallon
Churchill County Clerk